Robert E. DOUGHTY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S506.

Supreme Court of Indiana.

Nov. 8, 1984.

Susan K. Carpenter, Public Defender of Ind., Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of robbery, class A, Ind.Code § 35–42–5–1. The case was tried before the court. Appellant was sentenced to a prison term of thirty-years.

Appellant raises one issue on appeal: whether the record demonstrates that the trial court failed to elicit a personal waiver, either in writing or in open court, of a jury trial by appellant.

These are the facts pertinent to the appeal. The record contains no written or oral statement by the appellant waiving his right to a jury trial. However, there is a docket entry dated December 21, 1981, which provides:

> State of Indiana, by Arnold H. Duemling, Prosecuting Attorney, and the defendant Robert Doughty, in person and by counsel Norbert Wyss, and the said defendant now waives arraignment and pleads Not Guilty to offense of Robbery—Class A felony, as charged in the informartion (sic), and waives right to trial by Jury.
>
> By agreement of said parties, this cause is now by the court set for Trial on February 4, 1982, at 9:00 o'clock A.M.

At trial, appellant did not object to being tried by the court.

### I.

The right to trial by jury is fundamental to the American scheme of justice. *Duncan v. Louisiana,* (1968), 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491. A waiver of this right must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences. *Perry v. State,* (1980), Ind.App., 401 N.E.2d 705, 707. The record must reflect that such a waiver was made, so that the question of an effective waiver can be reviewed even though no objection was made at trial. *See Cunningham v. State* (1982), Ind.App., 433 N.E.2d 405; Cf. *Ford v. State* (1967), 248 Ind. 438, 229 N.E.2d 634.

The case at bar is subject to Ind. Code § 35–1–34–1 (Repealed 9–1–82), which states:

> "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury."

This court held that the statute's reference to the defendant's assent must mean an assent by defendant personally, reflected in the record before the trial begins either in writing or in open court. *Good v. State* (1977), 267 Ind. 29, 366 N.E.2d 1169. *Rodgers v. State* (1981), Ind., 415 N.E.2d 57. The record reflection must be direct and not merely implied. It must show the personal communication of the defendant to the court that he chooses to relinquish the right. An entry such as the one in this case that the defendant appears in person and with counsel and waives trial by jury does not record a communication engaged in personally by the defendant. This cause is therefore reversed, and the trial court is ordered to grant a new trial.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.