ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

J. Michael Sauer
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 62S05-0501-CR-15

HENRY LUKE KELLEMS, JR.,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Perry Circuit Court, Nos. 62C01-0203-FD-236, 62C01-9911-DF-585
The Honorable James A. McEntarfer, Judge

On Petition for Rehearing

**June 29, 2006**

**Sullivan, Justice.**

Henry Kellems was found guilty of being a habitual traffic offender and in violation of his probation in a bench trial held on October 23, 2003. The Court of Appeals reversed Kellems's conviction and the trial court's decision to deny a motion to suppress evidence gathered during the traffic stop that led to his arrest. Kellems v. State, 816 N.E.2d 421, 427 (Ind. Ct. App. 2004). It held that there was insufficient evidence to support the trial court's conviction of

Kellems or its revocation of his probation. Id. As its disposition rested solely on its resolution of the issue of whether the tipster's call was legally sufficient to support the subsequent stop of Kellems's vehicle, the Court of Appeals did not reach three additional issues raised by Kellems in his brief to that court.

On review in this Court, both parties focused the arguments in their briefs on the single issue decided by the Court of Appeals—the sufficiency of the tip to support an investigatory stop of Kellems's vehicle. On that issue, we held that the tip in Kellems's case "was sufficient to provide [police] with reasonable suspicion to conduct an investigatory stop of [his] car." Kellems v. State, 842 N.E.2d 352, 356 (Ind. 2006).

Kellems seeks rehearing. As his basis for further review, he cites our failure to address his other arguments for review presented to the Court of Appeals. We grant rehearing to address one of these issues: whether he was denied his constitutional right to be tried by jury.

**Discussion**

A fundamental linchpin of our system of criminal justice is the right to a trial by jury. See U.S. Const. amend. VI; Ind. Const. art. 1, § 13. Although this right may be waived, we have concluded that the statutory requirement that a defendant assent to a waiver of his right to jury trial[1] "mean[s that] an assent by [the] defendant [be] personally reflected in the record before the trial begins either in writing or in open court." Good v. State, 366 N.E.2d 1169, 1171 (Ind. 1977). This is to assure that the waiver is "made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences." Doughty v. State, 470 N.E.2d 69, 70 (Ind. 1984). Thus, it is the duty of the trial court "to assume in a criminal case that the defendant will want a trial by jury," unless the defendant personally indicates a contrary desire in writing or verbally in open court. Perkins v. State, 541 N.E.2d 927, 928 (Ind. 1989). This waiver must be made part of the record "so that the question of an effec-

---

[1] Ind. Code § 35-37-1-2 (2004) ("The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury.").

2

tive waiver can be reviewed even though no objection was made at trial." <u>Doughty</u>, 470 N.E.2d at 70.

As noted earlier, Kellems was tried and convicted in a bench trial. The trial record, however, does not reflect that Kellems made a personal waiver of his right to a jury trial. The record does indicate that Kellems was initially informed of his right to jury trial and his option to waive that right at a pre-trial hearing held on March 28, 2002. Kellems was asked if he had any questions regarding his rights and he responded negatively.

Kellems's attorney, Terry White, indicated his client's desire to waive his jury trial right at a status conference held on May 5, 2003, at which Kellems was present. White informed the trial court that after engaging in lengthy conversation with Kellems, his client had decided to forego a jury trial. The trial judge, however, never questioned Kellems himself regarding the voluntariness of his waiver nor elicited any statement from Kellems of his waiver for the record.

The State argues that Kellems should be bound to the waiver articulated by his attorney as he had been made aware of his right to a jury trial at the March hearing and "did nothing but 'sit idly by' as the trial court conducted a bench trial. . . ." Br. of Appellee at 12. The State's position seems to be at odds with the general language of the cases. As long ago as <u>Doughty v. State</u>, 470 N.E.2d 69, 70 (Ind. 1984), and as recently as <u>O'Connor v. State</u>, 796 N.E.2d 1230, 1234 (Ind. Ct. App. 2003), Indiana courts have held that the statute governing waiver of trial by jury, Indiana Code Section 35-37-1-2, requires that a defendant's waiver of the right to a jury trial be "personal," either in a writing signed by the defendant or in the form of a colloquy in open court between the defendant and judge. Here Kellems neither signed a written waiver nor engaged in any colloquy with Judge McEntarfer. In <u>Patton v. State</u>, 495 N.E.2d 534, 535 (Ind. 1986), Justice Givan wrote, "There is no showing that the trial court elicited a personal waiver either in writing or in open court of appellant's right to a trial by jury. We have no choice but to reverse. . . ." Cases like <u>Brown v. State</u>, 495 N.E.2d 178, 179 (Ind. 1986), and <u>O'Connor</u> set forth explicit colloquy between judge and defendant in order to demonstrate waiver. Still other Indiana cases have specifically held that a lawyer's statement that the lawyer's client agrees to a bench trial is not sufficient to waive the defendant's right to a jury trial. <u>See</u> <u>Shady v. State</u>, 524

3

N.E.2d 44, 45 (Ind. Ct. App. 1988) (reversing trial court's denial of jury trial on the basis of attorney's waiver on behalf of his client); Smith v. State, 451 N.E.2d 57 (Ind. Ct. App. 1983) (same).

All that having been said, we nevertheless believe that the State's argument has force on the facts of this particular case. We are able to discern from the record in this case that (1) Kellems was advised of his right to a jury trial and personally indicated to the judge that he understood that right and (2) Kellems was present in court when his lawyer told Judge McEntarfer that Kellems assented to a bench trial. In this respect, the facts of this case differ from all of those described above. The two closest to this one, Shady and Smith, in which the Court of Appeals held that the waivers expressed by defense counsel to have been ineffective are both distinguishable in the following respects. In Shady, the defendant was not present when his lawyer requested a bench trial. 524 N.E.2d at 45. In Smith, the record did not disclose whether the defendant was present at the time his counsel requested a bench trial. 451 N.E.2d at 59. As such, it would be possible for us to hold, as the State requests, that where a defendant has previously been advised of his right to a jury trial and personally indicated to the judge that he understood that right, his standing by in silence when his trial counsel requests or agrees to a bench trial constitutes a knowing, voluntary, and intelligent waiver of the right to a jury trial.

Upon reflection, however, we adhere to the general principle enunciated in Doughty: Indiana Code Section 35-37-1-2 (2004), dictates that a knowing, voluntary, and intelligent waiver of the right to a jury trial requires assent to a bench trial "by defendant personally, reflected in the record before the trial begins either in writing or in open court. The record reflection must be direct and not merely implied. It must show the personal communication of the defendant to the court that he chooses to relinquish the right." 470 N.E.2d at 70 (citing Rodgers v. State, 275 Ind. 102, 415 N.E.2d 57 (1981), and Good v. State, 267 Ind. 29, 366 N.E.2d 1169 (1977)).

We take this position for several reasons. First, as cases like Brown and O'Connor cited above show, Indiana trial courts have clearly adopted the policy of conducting the colloquy in open court that Doughty contemplated. We see no reason to back away from standard practice.

4

Second, this practice closely conforms to the clear requirement of <u>Boykin v. Ala.</u>, 395 U.S. 238, 243 (1969), to obtain by means of personal statement in open court a defendant's waiver of the right to a jury trial when pleading guilty. Third, both the United States Supreme Court and the Supreme Court of Hawaii have cited <u>Doughty</u> for the proposition that counsel cannot waive a client's right to a jury trial. <u>See</u> <u>Taylor v. Illinois</u>, 484 U.S. 400, 418 & n.24 (1988) (citing <u>Doughty</u> for the proposition that an "attorney cannot waive [the right to a jury trial] without the fully informed and publicly acknowledged consent of the client") (dicta)); <u>State v. Young</u>, 830 P.2d 512, 514 (Haw. 1992) (following <u>Doughty</u> to hold that in Hawaii, "waiver of the right to jury trial [must] be either in writing signed by the defendant or in open court from the mouth of the defendant"). We are not inclined to retreat from authority that two such distinguished courts have found persuasive.

The trial court did not secure a waiver from Kellems personally. Its failure to do so—and to ensure that the waiver was reflected in the record—necessitates granting Kellems a new trial.

**Conclusion**

Kellems's Petition for Rehearing is granted. The judgment of the trial court is reversed on the basis of its failure to secure a personal waiver from Kellems to his right to jury trial. The matter is remanded for a new trial.

Shepard, C.J., and Dickson, Boehm and Rucker JJ., concur.