ATTORNEY FOR APPELLANT
Steven Knecht
Vonderheide & Knecht, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Chandra Hein
Deputy Attorneys General
Indianapolis, Indiana

FILED

Apr 21 2016, 1:24 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 79S02-1510-CR-628

ADAM HORTON,

*Appellant,*

v.

STATE OF INDIANA,

*Appellee.*

Appeal from the Tippecanoe Superior Court 5, No. 79D05-1401-FD-26
The Honorable Les A. Meade, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 79A02-1410-CR-765

**April 21, 2016**

**Rush, Chief Justice.**

The Indiana Constitution guarantees the right to jury trial, which may be waived by one, and only one, person—the defendant. Unless the defendant *personally* communicates to the judge a desire to waive that right, he must receive a jury trial.

Here, Defendant Adam Horton merely remained silent while his attorney requested a bench trial on the second phase of a bifurcated trial, where the State sought to prove a D-felony domestic battery charge based on a prior conviction. Because Horton's silence falls well short of personal waiver, the trial court committed fundamental error in proceeding to a bench trial. We therefore reverse and remand for a new trial on the D-felony domestic battery charge.

Even though the ineffective jury trial waiver is dispositive, we also address Horton's insufficient-evidence claim because it raises an important question about judicial notice of court records. The trial court convicted Horton of the felony-level domestic battery offense based on judicial notice of its own file in a prior case, in which Horton had been convicted of misdemeanor domestic battery. We conclude that when a trial court takes judicial notice of a "record of a court" under Indiana Evidence Rule 201(b)(5), unambiguously identifying the publicly available records may be minimally sufficient. But the better approach, when practical, is to enter the particular documents into the record, so that both the litigants and appellate courts can know with certainty what evidence the court considered. The trial court's omission of those documents here impedes our review but does not constitute error.

## Facts and Procedural History

On December 4, 2013, Defendant Adam Horton and his girlfriend, K.F., spent a tense day at Horton's father's rural home near West Point, Indiana. After several heated arguments with Horton, K.F. fled on foot and began walking down the rural road leading away from the house. Horton caught up to her, pushed her to the ground, and straddled her. When K.F. screamed for help, Horton covered her mouth with one hand, grabbed her throat with the other, and told her that she "deserve[d] to die." K.F. eventually managed to free herself and stand up, despite being struck in the face. Suddenly, a car pulled up to the scene, and the driver took K.F. away to safety.

The State charged Horton with two D-felony counts of strangulation, one A-misdemeanor count of intimidation, and two counts of domestic battery (one as an A-misdemeanor and the other elevated to a D-felony based on a prior domestic battery conviction). Horton moved to bifurcate the D-felony domestic battery charge. The State ultimately dismissed the intimidation charge.

On September 25, 2014, the jury found Horton guilty of the misdemeanor domestic battery and not guilty of the strangulation charges. Then, with the jurors still seated in the box, the judge paused to ask Horton's counsel whether Horton would like to waive his jury trial right on Count IV, the D-felony domestic battery charge:

> Court: Ok. Ladies and gentlemen we—there's also another count that we would need to proceed under but—counsel, do I understand you're waiving the jury trial on Count IV?
>
> State: That's correct, Judge.

2

> Court: And we still need to proceed on Count IV now? He was found guilty of the domestic battery.
>
> Defense Counsel: Yes, Judge.
>
> Court: Ok. How do you intend to proceed? As a bench trial?
>
> Defense Counsel: Yes.
>
> State: I'm sorry, Judge, I didn't . . .
>
> Defense Counsel: Yes, as a bench trial.
>
> Court: Very good. Then I'm going to suggest we take about a five minute break so that I can thank the jury for their service here today.

Tr. 139–40.

Minutes later, a bench trial commenced on the second phase for the D-felony domestic battery charge. To prove Horton's prior domestic battery conviction, as required for the elevated offense, the State presented certified copies of several documents filed under cause number 79D05-0201-CM-195: an unsigned sentencing order indicating an A-misdemeanor domestic battery conviction; charging informations for battery and domestic battery; and a probable cause affidavit noting Horton's full name and birth date of March 6, 1980. The State also presented booking photos from Horton's arrest on the prior charges, as well as a police report from the 2014 battery noting Horton's full name and birth date of March 6, 1980. Finally, because the prior conviction allegedly took place in the same court as the current proceeding—Tippecanoe Superior Court 5—the State asked the court to take judicial notice of that other case file, without objection from Horton:

> State: And that's the last—[inaudible]—of witness; the only other matter is evidence of the previous conviction was a matter that was handled in Superior Court 5; I ask the court to take judicial notice of that file which is presently available.
>
> Court: Ok so then again, do you want me to take judicial notice of the court's own records; they're the 0201-CM-195 case?
>
> State: Yes.
>
> Court: Ok.
>
> State: With that, State rests.
>
> Court: Any objection to the Court doing that?
>
> Defense Counsel: No, Your Honor.
>
> . . . .

> Court: Ok. So now we have someone who's been convicted of misdemeanor today. We have—we need to set a sentencing hearing. We may very well have—I haven't read through these; I haven't compared these documents and exhibits yet and not going to presume that it shows what the State says; I need to go through it carefully. But it would seem to me that we need to set a date for sentencing regardless of what the conviction will be for.

Tr. 150–51.

At the sentencing hearing four weeks later, the trial court found Horton guilty of the D-felony domestic battery, but—again without objection from Horton—it never entered the judicially noticed case file's contents into the record. The judge simply stated,

> We're here for a sentencing hearing but the first thing that we need to do is rule on Count IV which was submitted to the Court for consideration and the defendant waived the jury trial on that count. The court, having reviewed the evidence submitted by the—on that count now finds the defendant guilty of the crime of domestic battery, as a class D felony.

Tr. Sent. Hr'g 1. The court then imposed two-and-a-half years' incarceration, with one year executed, one year in community corrections, and six months suspended to probation.

On appeal, Horton argued that he did not validly waive his Indiana and federal constitutional jury trial rights and that because the sentencing order from the prior conviction was unsigned, insufficient evidence supported the felony domestic battery conviction.

The Court of Appeals affirmed the trial court on both issues. It first held that Horton "knowingly, voluntarily, and intelligently" waived his jury trial right because he had just been through a jury trial on the A-misdemeanor domestic battery count. Horton v. State, No. 79A02-1410-CR-765, slip op. at 9 (Ind. Ct. App. July 28, 2015). It further held that sufficient evidence supported the D-felony domestic battery conviction because although the sentencing order was not signed, the judge also took judicial notice of its case file from the prior conviction, with no objection from Horton. Id. at 5–7. We granted Horton's petition to transfer to consider these issues.

4

Horton first alleges that his jury trial waiver was deficient under the Sixth Amendment; Article 1, Section 13 of the Indiana Constitution; and Indiana Code section 35-37-1-2. Each issue raises a question of law we review de novo. See Hall v. State, 36 N.E.3d 459, 466 (Ind. 2015), reh'g denied (reviewing alleged constitutional violation de novo); Gardiner v. State, 928 N.E.2d 194, 196 (Ind. 2010) (reviewing matter of statutory interpretation de novo).

Horton also alleges the evidence is insufficient to support his D-felony domestic battery conviction because the sentencing order for his prior conviction was unsigned and the trial court never entered the judicially noticed case file into the record. This claim involves two distinct standards of review. When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment, without reweighing the evidence or reassessing witness credibility. Morgan v. State, 22 N.E.3d 570, 573 (Ind. 2014). And we review a trial court's decision to take judicial notice of a matter, like other evidentiary decisions, for abuse of discretion. Storey v. Leonas, 904 N.E.2d 229, 236 (Ind. Ct. App. 2009) (reviewing judicial notice of another jurisdiction's law for abuse of discretion), trans. denied; McCarthy v. State, 749 N.E.2d 528, 536 (Ind. 2001) (reviewing exclusion or admission of evidence for "whether the trial court abused its discretion when it ruled upon the evidence").

**Discussion and Decision**

## I. Defendant Did Not Personally Communicate Waiver of His Indiana Constitutional Jury Trial Right.

Horton contends that the trial court denied him his right to a jury trial on the D-felony domestic battery charge because he did not *personally* communicate waiver to the judge, as required by this Court's longstanding precedent, reiterated most recently in Kellems v. State, 849 N.E.2d 1110 (Ind. 2006). The State concedes that Horton did not personally waive the right, but argues that this Court should make an exception where, as here, the defendant has just experienced a jury trial and is thus more likely "aware" of the right his attorney attempts to waive on his behalf.

The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution. In broad view, federal and Indiana constitutional jury trial rights guarantee the same

general protection—a criminal defendant must receive a jury trial, unless he waives it. Waiver of the Sixth Amendment jury trial right must be "express and intelligent," Patton v. United States, 281 U.S. 276, 312 (1930), and waiver of the Indiana constitutional jury trial right must be "knowing, voluntary[,] and intelligent," Perkins v. State, 541 N.E.2d 927, 928 (Ind. 1989).

But the Indiana jury trial right provides greater protection because, in a felony prosecution, waiver is valid only if communicated *personally* by the defendant, Kellems, 849 N.E.2d at 1114—an issue which, under the Sixth Amendment, has split federal circuit courts of appeals. Compare United States v. Khan, 461 F.3d 477, 492 (4th Cir. 2006) (upholding written waiver signed only by counsel), and United States v. Leja, 448 F.3d 86, 94–95 (1st Cir. 2006) (same), and United States v. Page, 661 F.2d 1080, 1081–82 (5th Cir. 1981) (upholding oral waiver by counsel), with United States v. Diaz, 540 F.3d 1316, 1321–22 (11th Cir. 2008) (refusing to uphold written waiver signed only by counsel).

Though federal authorities are divided, we find Indiana law dispositive. Indiana's personal waiver requirement derives from the statutory procedure for waiving the state constitutional jury trial right. That statute, largely unchanged since its original enactment in 1852, confers the authority to waive on the *defendant*—not the defense attorney. The version in effect when Horton's defense attorney attempted to waive on Horton's behalf provided, "The *defendant* and prosecuting attorney, with the assent of the court, may submit the trial to the court. All other trials must be by jury." Ind. Code § 35-37-1-2 (2014 Repl.) (emphasis added).[1]

Relying on that defendant-centric procedure, Indiana precedent has repeatedly affirmed the personal waiver requirement,[2] beginning with this Court's decision in Good v. State, 366 N.E.2d

---

[1] Effective July 1, 2015, an amendment to this statute makes clear that the personal waiver requirement applies only in felony prosecutions—not misdemeanor prosecutions. The statute now provides as follows: "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. *Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure*, all other trials must be by jury." Ind. Code § 35-37-1-2 (Supp. 2015) (emphasis added). Indiana Rule of Criminal Procedure 22 provides that a defendant charged with a misdemeanor is presumed to waive the jury trial right unless he invokes it in writing at least ten days before the first scheduled day of trial.

[2] See, e.g., Kellems, 849 N.E.2d at 1114; Coleman v. State, 694 N.E.2d 269, 278 (Ind. 1998); Poore v. State, 681 N.E.2d 204, 206 (Ind. 1997); Patton v. State, 495 N.E.2d 534, 535 (Ind. 1986); Perkins, 541 N.E.2d at 928; Brown v. State, 495 N.E.2d 178, 179 (Ind. 1986); Doughty v. State, 470 N.E.2d 69, 70 (Ind. 1984); Clay v. State, 457 N.E.2d 177, 178 (Ind. 1983); Rodgers v. State, 415 N.E.2d 57, 59 (Ind. 1981); Nunez v. State,

6

1169 (Ind. 1977). There, the defendant claimed improper jury trial waiver where he never personally communicated assent to a bench trial, but the State, in response, insisted it was sufficient for his defense attorney to waive on his behalf. Id. at 1170. We agreed with the defendant and found the statutory procedure to require "assent by defendant personally," either orally or in writing. Id. at 1171 (citing a prior version of Ind. Code § 35-37-1-2).

This Court's most recent addition to the personal waiver precedent is Kellems, 849 N.E.2d 1110, which rejected an argument similar to the State's position here. The trial judge in Kellems explained the jury trial right to a felony defendant at a pretrial hearing and confirmed that defendant did not have any questions. Id. at 1112. Then, at a status conference two months later, the defendant's lawyer told the court that his client had decided to waive his jury trial right. Id. Instead of confirming waiver with the defendant personally, the judge proceeded directly to a bench trial and ultimately convicted the defendant. Id. at 1111–12.

Kellems appealed, claiming deprivation of his constitutional jury trial right. The State responded that the defendant should be bound by counsel's waiver because he "did nothing but 'sit idly by' as the trial court conducted a bench trial." Id. 1112. We recognized that "the State's argument ha[d] force on the facts of this particular case," id. at 1113, but nevertheless reiterated that the statutory procedure "dictates that a knowing, voluntary, and intelligent waiver of the right to a jury trial requires assent to a bench trial 'by defendant personally, reflected in the record before the trial begins either in writing or in open court,'" id. (quoting Doughty, 470 N.E.2d at 70). We thus refused to "back away from standard practice" that "Indiana trial courts ha[d] clearly adopted." Id.

Here, as in Kellems, the record is devoid of any personal waiver by Horton to the court—it shows waiver only by Horton's attorney. The State acknowledges this, but in effect asks us to make

---

43 N.E.3d 680, 683 (Ind. Ct. App. 2015), trans. denied; McSchooler v. State, 15 N.E.3d 678, 682 (Ind. Ct. App. 2014); Levels v. State, 972 N.E.2d 972, 973 (Ind. Ct. App. 2012); Garcia v. State, 916 N.E.2d 219, 221 (Ind. Ct. App. 2009), trans. denied; Anderson v. State, 833 N.E.2d 119, 122 (Ind. Ct. App. 2005); Jones v. State, 810 N.E.2d 777, 779 (Ind. Ct. App. 2004); O'Connor v. State, 796 N.E.2d 1230, 1234 (Ind. Ct. App. 2003); Gonzalez v. State, 757 N.E.2d 202, 205 (Ind. Ct. App. 2001), trans. denied; Reynolds v. State, 703 N.E.2d 701, 704 (Ind. Ct. App. 1999); Greene v. State, 670 N.E.2d 38, 40 (Ind. Ct. App. 1996), trans. denied; Hanna-Womack v. State, 623 N.E.2d 439, 440 (Ind. Ct. App. 1993); Carr v. State, 591 N.E.2d 640, 641 (Ind. Ct. App. 1992); Zakhi v. State, 560 N.E.2d 683, 684 (Ind. Ct. App. 1990); Shady v. State, 524 N.E.2d 44, 45 (Ind. Ct. App. 1988); Vukadinovich v. State, 529 N.E.2d 837, 839 (Ind. Ct. App. 1988); Marcum v. State, 509 N.E.2d 895, 896 (Ind. Ct. App. 1987); Wilson v. State, 453 N.E.2d 340, 341 (Ind. Ct. App. 1983); Cunningham v. State, 433 N.E.2d 405, 407 (Ind. Ct. App. 1982).

a new personal-waiver exception where circumstances nevertheless imply waiver was the defendant's choice. The State then argues that the waiver here meets that hypothetical exception because, unlike the defendant in <u>Kellems</u>, Horton had just experienced a jury trial and thus was probably "aware" of the right his attorney waived on his behalf. We decline to carve out an exception.

The personal waiver requirement, rooted in Indiana Code section 35-37-1-2 and longstanding precedent, eliminates an intolerable risk. It ensures that a felony prosecution will not proceed to a bench trial against the defendant's will by demanding direct evidence that waiver is the defendant's choice. Given the high stakes of erroneous jury-trial deprivation and the low cost of confirming personal waiver, we see no reason to dilute our time-honored personal waiver requirement by "back[ing] away from [the] standard practice" that "Indiana trial courts have clearly adopted." <u>Kellems</u>, 849 N.E.2d at 1113. That refusal simply reflects this Court's commitment to the doctrine of stare decisis—that "a rule which has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error." <u>Clifton v. McCammack</u>, 43 N.E.3d 213, 220 (Ind. 2015) (quoting <u>Snyder v. King</u>, 958 N.E.2d 764, 776 (Ind. 2011)). Seeing no such urgent reasons, we maintain the personal waiver requirement.

Accordingly, the failure to confirm Horton's personal waiver before proceeding to bench trial was fundamental error. <u>See, e.g.</u>, <u>Perkins</u>, 541 N.E.2d at 929; <u>Duncan v. State</u>, 975 N.E.2d 838, 844 (Ind. Ct. App. 2012) ("[A] violation of the right to trial by jury is a fundamental error, and cannot be considered harmless."). We therefore reverse Horton's D-felony domestic battery conviction and remand for a new trial on that particular charge.

Even though the jury trial right violation is dispositive of this appeal, we exercise our discretion to address another issue for guidance purposes only—whether an unsigned sentencing order and a judicially noticed case file not included in the record are sufficient to support the D-felony domestic battery conviction.

## II. It May Be Enough Under Indiana Evidence Rule 201(b)(5) to Unambiguously Identify the Publicly Available Court Records Being Noticed, but the Best Practice Is to Enter the Particular Documents into the Record.

To convict Horton of domestic battery as an elevated D-felony offense, the State had to prove beyond a reasonable doubt that Horton had previously been convicted of domestic battery.

Ind. Code § 35-42-2-1.3(b)(1)(A) (Supp. 2013). Horton contends that insufficient evidence supports his conviction because the prior conviction's sentencing order was unsigned and the judicially noticed case file was never entered into the record. Again, we address this issue solely to provide guidance on the importance of identifying judicially noticed documents for the record, both to apprise litigants of the evidentiary basis for the judgment and to facilitate appellate review.

Indiana Rule of Evidence 201 permits courts to take judicial notice of certain material, including facts "not subject to reasonable dispute" and facts "readily determined from sources whose accuracy cannot reasonably be questioned." For years, Rule 201 did not permit a trial court to take judicial notice of court records, even if they were "its own records in another case previously before the court on a related subject with related parties." Gray v. State, 871 N.E.2d 408, 413 (Ind. Ct. App. 2007) (emphasis omitted), trans. denied. Effective January 1, 2010, amended Rule 201(b)(5) now permits courts to take judicial notice of "records of a court of this state," precisely as the trial court did here. But that Rule is silent on whether a court must enter that document into the record.

On one hand, it is vital for the parties to know the exact evidentiary basis on which the judgment turned—and for appellate courts to know likewise to facilitate review. On the other hand, the ultimate purpose of judicial notice is *efficient* consideration of uncontroversial facts, see Baran v. State, 639 N.E.2d 642, 647 (Ind. 1994)—efficiency that would be undermined to the point of uselessness for judicial records if simply "tak[ing] judicial notice of the court's own records . . . [in] the 0201-CM-195 case" obligated the court to physically incorporate that *entire file* into the record in the present case. Judicial notice "encompasses facts ascertainable from sources that cannot reasonably be questioned, and presumably court records are such sources," in the absence of evidence tending to rebut that presumption. Brown v. Jones, 804 N.E.2d 1197, 1202 (Ind. Ct. App. 2004) (addressing judicial notice of the court's file in the same proceeding, before enactment of Evidence Rule 201(b)(5), for similar notice of other court records), trans. denied.

But as the Court of Appeals has emphasized, failing to incorporate noticed court records into the record on appeal hinders appellate review. In Graham v. State, 947 N.E.2d 962 (Ind. Ct. App. 2011), a post-conviction court took judicial notice of the record in the underlying criminal trial but did not make it part of the post-conviction record on appeal. The Court of Appeals noted,

> [I]f a PCR court purports to take judicial notice of other court
> records and relies upon those records in ruling upon a PCR petition,

9

> but those records are not made part of the PCR record, it places a substantial burden upon this court on appeal to either track down those records and have them transmitted to this court, or to attempt to decide the case without benefit of those records.

Graham, 947 N.E.2d at 965. For those same reasons, the absence of the noticed records has impeded our review.

In spite of that impediment, though, we find no error here. Even when copies of court records to be noticed are not available, "sufficient or accurate information that would allow the Court to readily locate the documents in its records" may be adequate. Love v. The Mail on Sunday, 489 F. Supp. 2d 1100, 1105 n.3 (C.D. Cal. 2007) (denying request for judicial notice of court records under Federal Rule of Evidence 201 because proponent "did not submit copies of these documents" or provide sufficient information for the court to readily locate them). As discussed below, the relevant records were adequately identified—though only marginally so.

Some judicially noticeable material is either common sense or widely accessible, so omitting it from the record is no obstacle to appellate review. For example, we can ascertain as easily as a trial court that natural gas is flammable,[3] that eating undercooked pork may result in illness,[4] or that a Marion County Small Claims Task Force Report is available at a given website.[5] And because Indiana's implementation of a unified statewide electronic case management system (CMS) is well underway, many court records will soon likewise be at the fingertips of any court, litigant, or member of the general public. But even with that transition still in progress, we have taken judicial notice that searching Tippecanoe County's public online docket[6] for cause number 79D05-0201-CM-00195 ("CM-195")—the cause number identified in the felony charging information, reflected on the unsigned sentencing order in evidence, and recited into the record by the trial court—indicates that Horton was convicted of A-misdemeanor domestic battery on March 4, 2002. (Indeed, the following

---

[3] See Jamieson v. Ind. Nat. Gas & Oil Co., 28 N.E. 76, 79 (Ind. 1891) ("Surely, no court would require evidence to inform it that artificial gas will ignite and explode, or that gunpowder and dynamite are intrinsically dangerous . . . .").

[4] See Meyer v. Greenwood, 124 N.E.2d 870, 872 (Ind. Ct. App. 1955).

[5] See In re Mandate of Funds for Ctr. Tp. of Marion Cty. Small Claims Court, 989 N.E.2d 1237, 1239 n.3 (Ind. 2013) ("Although the report was not made a part of the record by the parties, the special judge appointed to hear this case took judicial notice of the report, and in the absence of objection from either party we have done likewise.").

[6] Available at http://www1.tippecanoe.in.gov/eservices/home.page.2 (last visited April 21, 2016).

day's docket entry to that effect repeats the unsigned Sentencing Order's contents verbatim.) Under the deferential standard of review for sufficiency claims, we find that evidence independently sufficient to establish the prior conviction on which Horton's instant felony conviction rests.

In addition, Indiana Appellate Rule 27 provides that the Record on Appeal includes "all proceedings before the trial court . . . , whether or not . . . transmitted to the Court on Appeal." Accordingly, even though the usual practice under Appellate Rule 12(A) is for trial court clerks to "retain the Clerk's Record throughout the appeal," the judicially noticed case file in CM-195 is part of the record in this case. We therefore procured copies of several documents from the CM-195 file from the trial-court clerk—much as the parties could have done under Appellate Rule 32 to resolve disagreements as to the accuracy (including the completeness) of the Clerk's Record. Having reviewed those documents for ourselves in furtherance of our review, we take our own judicial notice under Indiana Evidence Rule 201(b)(5) that, in addition to the docket entry and unsigned sentencing order, the case file includes a Plea Agreement bearing Horton's signature—further indicating the accuracy of the records indicating Horton's prior conviction.

We emphasize that we were under no duty to request these additional materials—as Graham noted, we also would have been well within our discretion "to attempt to decide the case without benefit of those records." 947 N.E.2d at 965. Indeed, we would not have made the request if we had not already determined that the evidence was sufficient as discussed above—since "it is not our responsibility to develop arguments for either party." In re Riddle, 946 N.E.2d 61, 70 (Ind. Ct. App. 2011). Rather, we made that request only to illustrate the availability of procedures best employed *by the affected parties* when a court takes judicial notice without following Graham's best-practices guidance—and before a unified statewide CMS largely moots these concerns.

Moreover, the results of our request as detailed above confirm the underlying assumption of judicial notice—that the source's "accuracy cannot reasonably be questioned." Ind. Evidence Rule 201(a)(1)(B). Once a court has unambiguously identified the records of which it is taking notice, timely objecting to those records' presumptive accuracy is the opposing party's burden. See Brown, 804 N.E.2d at 1202. Otherwise, it is reasonable for a reviewing court to infer from the absence of an objection that—as here—no reason exists to dispute the record's accuracy. Horton knew from the face of his felony charging information that the State was relying on his prior conviction in CM-195, giving him ample time to investigate any grounds for objection. Then at

trial, when the State asked the court to take judicial notice of its entire CM-195 file, Horton could have requested a hearing under Evidence Rule 201(e) on "the propriety of taking judicial notice and the nature of the fact to be noticed." See In re Paternity of P.R., 940 N.E.2d 346, 349 (Ind. Ct. App. 2010). Even after trial, Horton could have invoked that same procedure, id.—or filed a Motion to Correct Error under Indiana Trial Rule 59 if he belatedly discovered an inaccuracy or inadequacy in the CM-195 file. At all times, the CCS of the judicially noticed case was publicly available online to permit quick investigation by anyone, and the entire case file was available for review upon in-person request by Horton's attorney, his family or friends, or any other member of the general public.

Since the prior case file was readily and publicly available, and its cause number was repeatedly and unambiguously identified in the record to enable investigation and objection if warranted, the failure to formally enter the relevant documents from CM-195 into this record was not an abuse of discretion. Nevertheless, we echo Graham's explanation of why it is by far the preferable practice to enter into the record the particular documents of which the court is taking notice.

## Conclusion

We decline to abandon the well-established requirement that a felony defendant personally communicate waiver of the Indiana constitutional jury trial right. By proceeding to trial absent personal waiver by Horton himself, the trial court committed fundamental error. But under the circumstances here, it was not an abuse of discretion to take judicial notice of the court records showing Horton's prior conviction without formally entering them into the record. Therefore, although we do not disturb Horton's conviction for Class A misdemeanor domestic battery, we reverse his conviction for D-felony domestic battery and remand with instructions to proceed to a new trial limited to that count.

Dickson, Rucker, David, and Massa, JJ., concur.