## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2017, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Barber,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 25, 2017

Court of Appeals Case No.
49A05-1608-CR-1847

Appeal from the Marion Superior Court

The Honorable Ronnie Huerta, Commissioner

Trial Court Cause No.
49G24-1501-F6-34

**Bailey, Judge.**

# Case Summary

Following a bifurcated trial, Richard Barber ("Barber") was convicted of Possession of Marijuana, as a Class B Misdemeanor,[1] and Operating a Vehicle While Intoxicated ("OVWI"), as a Level 6 felony.[2] Barber was also adjudicated a habitual vehicular substance offender.[3] Barber now appeals, presenting the consolidated and restated issue of whether his right to a jury trial was violated.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

At some point after midnight on January 1, 2015, Officer Stacie Hanks ("Officer Hanks") of the Indianapolis Metropolitan Police Department ("IMPD") was driving home after a shift. While Officer Hanks was waiting at a stoplight, she saw a vehicle drive onto a median. Officer Hanks pulled behind the vehicle. She then used her phone flashlight, peered into the vehicle, and could see the outline of someone inside. Officer Hanks observed that the vehicle's doors were locked, and no one responded to her knocks. At this point,

---

[1] Ind. Code § 35-48-4-11(a)(1). We refer throughout to the substantive provisions of the Indiana Code in effect at the time of Barber's offenses.

[2] I.C. §§ 9-30-5-2, -5-3(a)(1).

[3] I.C. § 9-30-15.5-2.

IMPD Officers Michael Kasper ("Officer Kasper") and Darryl Miller ("Officer Miller") arrived and took over the investigation.

[4] Officer Kasper and Officer Miller could see a man—later identified as Barber—unconscious in the driver's seat. The officers knocked on the window and shook the vehicle, but Barber did not respond. After obtaining a lockout kit, the officers unlocked the car, and began yelling at Barber and shaking him. When Barber did not respond, Officer Kasper called for emergency medical services.

[5] While waiting for medical assistance, Officer Kasper rubbed Barber's sternum, attempting to wake him. Barber then woke up, and the officers tried to remove him from the vehicle. Barber was unable to stand on his own. His breath smelled of alcohol, and his clothes smelled of raw marijuana. Barber was in and out of consciousness while the officers interacted with him. His eyes were glassy and his speech was slurred. Barber was arrested.

[6] While searching Barber, the officers found a Crown Royal bag in his jacket pocket with approximately thirty-four grams of marijuana. Barber's pants pockets contained a small baggie of marijuana and a digital scale. Officer Kasper also saw an empty bottle of alcohol on the vehicle floorboard.

[7] The State charged Barber with Operating a Vehicle While Intoxicated, and sought a felony elevation, alleging that Barber had a prior conviction within five years. The State also charged Barber with Possession of Marijuana, and alleged that Barber was a habitual vehicular substance offender. A trial was scheduled

for April 19, 2016, and before the jury was selected, Barber's counsel advised the trial court as follows:

| Counsel: | In the event that we go to the second and third phases, the [elevation] for the felony OVWI, and then the habitual [vehicular substance offender enhancement] . . . we would stipulate to the prior convictions." |
| --- | --- |
| Trial Court: | All right.  So in the event that it is necessary to go to a second or a third phase, defense[,] you agree that you would waive your right to trial by jury on that, correct? |
| Counsel: | Yes. |

[8]     (Tr. at 4-5.)  A jury trial commenced and Barber was found guilty of Possession of Marijuana, as a Class B misdemeanor, and Operating a Vehicle While Intoxicated, which would independently constitute a Class A misdemeanor. After the jury returned its verdict, the following exchange occurred:

| Trial Court: | All right.  Before all of the jurors are gone, are you going to waive the next two phases[,] Mr. Colasessano? |
| --- | --- |
| Counsel: | Yes, Judge.  Yes. |
| Trial Court: | All right.  We'll show then - are you okay with that[,] Mr. Skates? |

|  |  |
|---|---|
| State: | Yeah. I think . . . my understanding is that basically they were stipulating on the basis of the underlying. |
| Trial Court: | Okay. All right. That's what we'll do then. We'll show that the parties stipulate that there was a prior OVWI [that] would enhance it to the Level 6 Felony. Is that correct? |
| Counsel: | Yes. |
| Trial Court: | All right, and because of that, then there will be a third phase [because] he is also charged with HVSO. And you agree that because of having the prior and now this [OVWI,] that qualifies him to be a HVSO. Is that correct? |
| Counsel: | Yes. |

(Tr. at 67-68.)

[9] The trial court then set the matter for sentencing. On July 19, 2016, a sentencing hearing was held. Barber was sentenced on the Level 6 felony and Class B misdemeanor, and received a habitual offender sentence enhancement. His aggregate sentence was seven and one-half years.

[10] This appeal ensued.

# Discussion and Decision

[11] Barber argues that there was no valid waiver of his right to a jury trial, and seeks a new trial on his felony elevation and habitual offender enhancement. The validity of a jury trial waiver is a question of law, which we review *de novo*. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016).

[12] "A fundamental linchpin of our system of criminal justice is the right to a trial by jury." *Kellems v. State*, 849 N.E.2d 1110, 1112 (Ind. 2006). This right has constitutional origins. *See* U.S. Const. amend. VI; Ind. Const. art. 1, § 13. Moreover, in Indiana, waiver of this right is governed by Indiana Code section 35-37-1-2.[4] *Kellems*, 849 N.E.2d at 1112. The Indiana Supreme Court has concluded that this "statute, largely unchanged since its original enactment in 1852, confers the authority to waive on the *defendant*—not the defense attorney." *Horton*, 51 N.E.3d at 1158. In other words, "the right to jury trial . . . may be waived by one, and only one, person—the defendant. Unless the defendant *personally* communicates to the judge a desire to waive that right, he must receive a jury trial." *Id.* at 1155; *see Kellems*, 849 N.E.2d at 1113-14. Violation of the right to a jury trial is fundamental error, and cannot be considered harmless. *See Horton*, 51 N.E.3d at 1160.

---

[4] This statute provides: "The defendant and prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure, all other trials must be by jury." I.C. § 35-37-1-2.

[13] Here, Barber was entitled to a jury trial on both the felony elevation and the habitual enhancement. *See* Ind. Const. art. 1, § 13 ("In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury"); *see* I.C. § 9-30-15.5-2(c) (providing that the "jury shall reconvene" for the habitual phase in matters concerning habitual vehicular substance offenders). The State does not dispute that Barber never personally waived his right to a jury trial, as was required. Rather, the State argues that the error was invited.

[14] The "'doctrine of invited error is grounded in estoppel,' and forbids a party to 'take advantage of an error that [he] commits, invites, or which is the natural consequence of [his] own neglect or misconduct.'" *Brewington v. State*, 7 N.E.3d 946, 975 (Ind. 2014) (quoting *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005)). Even fundamental errors may be invited. *Id.* at 977.

[15] The State argues that the error was invited because Barber's counsel stipulated to certain facts as part of a strategic "effort to persuade the sentencing court that he had accepted responsibility for his actions." (Appellee's Br. at 10.) Yet, even assuming the stipulation was part of a sentencing strategy, we cannot say that the stipulation—in and of itself—is what produced the instant error. Indeed, a stipulation is a form of admission that is to be presented to the trier of fact. *See Stewart v. Alunday*, 53 N.E.3d 562, 568 (Ind. Ct. App. 2016) (noting that "evidentiary admissions can be accepted or rejected by the trier of fact" and "judicial admissions are conclusive and binding on the trier of fact"). Here, absent valid waiver, the proper trier of fact was the jury, and the jury could have received the stipulation. Thus, the effect of a stipulation, standing alone, is not

to convert a jury trial into a bench trial. Rather, here, the error arose not from the stipulation, but from an invalid jury trial waiver that the trial court accepted. Thus, we cannot say that Barber invited the error by electing to stipulate.[5]

[16] Under these circumstances, there was no valid waiver of Barber's right to a jury trial, and Barber did not invite the error.[6] The trial court therefore erred in depriving Barber of a jury trial on the OVWI felony elevation and the habitual offender enhancement, and a new trial is warranted on these allegations.[7]

# Conclusion

[17] The trial court erred in conducting a bench trial on certain allegations without obtaining a valid jury trial waiver. We affirm Barber's conviction of Possession

---

[5] The State also points out that Barber's counsel requested dismissal of the jury, but such a request cannot constitute invited error, else the personal-waiver requirement would be rendered meaningless. Moreover, in arguing invited error, the State directs us to reasoning articulated in *Bunting v. State*, 854 N.E.2d 921 (Ind. Ct. App. 2006), *trans. denied*, a case in which this Court determined that the right to a jury trial was not violated. *Bunting*, however, is distinguishable. In that case, after the jury had returned a guilty verdict, defense counsel advised the trial court of a stipulation concerning the existence of a prior conviction. Thereafter, the jury was dismissed without objection, and the defendant personally admitted in open court to having the prior conviction. Thus, in *Bunting*, there was at least some degree of personal communication by the defendant indicating the defendant's personal desire to waive his right to a jury trial. Here, however, there was no such personal communication.

[6] We note that even if we were to conclude that Barber invited the error, we reach the merits through this opinion as a matter of judicial economy to preclude a likely post-conviction proceeding based on ineffective assistance of counsel on this issue.

[7] Barber also argues that the stipulation lacked detail, such that there is insufficient evidence to support his felony elevation and habitual enhancement. We disagree. Although the stipulation could have been more artfully executed, the stipulation indicated that Barber had a prior OVWI that would enhance the instant OVWI to a Level 6 felony and that, because of the instant OVWI, he was a habitual vehicular substance offender. Based on these admissions, a reasonable factfinder could find Barber guilty. *See Griffith v. State*, 59 N.E.3d 947, 958 (Ind. 2016) (stating that we will reverse on a sufficiency-of-the-evidence claim only if "no reasonable factfinder could find the defendant guilty").

of Marijuana and leave intact the jury verdict concerning OVWI as a Class A misdemeanor. We vacate the OVWI felony elevation and the habitual offender adjudication, and remand for a new trial on these allegations.

[18] Affirmed in part, reversed in part, and remanded with instructions.

Vaidik, C.J., and Robb, J., concur.