## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2017, 11:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth A. Johnson
Matthew D. Anglemeyer
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kelvin Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 31, 2017<br><br>Court of Appeals Case No.<br>49A02-1703-CR-504<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Shatrese Flowers, Judge<br><br>Trial Court Cause No.<br>49G20-1610-F5-42383 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Kelvin Williams (Williams), appeals his conviction for possession of cocaine with a prior conviction, a Level 5 felony, Ind. Code § 35-48-4-6(a); and possession of methamphetamine of less than 5 grams with a prior conviction, a Level 5 felony, I.C. § 35-48-4-6.1(a).

We reverse and remand for a new trial.

# ISSUE

Williams presents us with two issues on appeal, one of which we find dispositive and which we restate as: Whether Williams properly waived his right to a jury for the enhancement phase of the trial.

# FACTS AND PROCEDURAL HISTORY

On October 26, 2016, two Indiana State Police officers (Officers) observed a vehicle speeding eastbound on 38th Street near Post Road in Indianapolis, Indiana. The Officers conducted a traffic stop and observed three adult males and a child in the vehicle. Williams was seated in the front passenger seat. During the course of the stop, the Officers ran Williams' information and were informed that he had an active warrant. Williams was arrested and during a subsequent search at the Marion County Sheriff's Office, a small baggie fell out of Williams' pant leg, containing .47 grams of cocaine and .72 grams of methamphetamine.

On October 27, 2016, the State filed an Information, charging Williams with possession of cocaine, as a Level 5 felony. On December 14, 2016, the State amended the Information, adding a Count of possession of methamphetamine, as a Level 5 felony. On January 9, 2017, the trial court conducted a jury trial. At the close of the evidence, the jury found Williams guilty of both Counts as Level 6 felonies. During the enhancement phase of the trial, Williams stipulated to his prior drug conviction. Following a bench trial, the trial court found him guilty, thereby enhancing his Level 6 felonies to Level 5 felonies. On February 14, 2017, the trial court held a sentencing hearing. The court imposed a concurrent term of four years with three years at the Indiana Department of Correction and one year in community corrections.

Williams now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Williams contends that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial during the enhancement phase of the trial and, therefore, he requests this court to vacate his Level 5 convictions and to remand for resentencing.

The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution. In broad view, federal and Indiana constitutional jury trial rights guarantee the same general protection—a criminal defendant must receive a jury trial, unless he waives it. *Horton v. State*,

51 N.E.3d 1154, 1158 (Ind. 2016). Waiver of the Sixth Amendment jury trial must be "express and intelligent," and waiver of the Indiana constitutional jury trial must be "knowing, voluntary[,] and intelligent." *Id*. (quoting *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930); *Perkins v. State*, 541 N.E.2d 927, 928 (Ind. 1989)).

[9] Compared to the federal right, the Indiana jury trial provides greater protection because, in a felony prosecution, waiver is valid only if communicated *personally* by the defendant. *Kellems v. State*, 849 N.E.2d 1110, 1114 (Ind. 2006). Indiana's personal waiver requirement derives from the statutory procedure for waiving the State constitutional jury trial right. *Horton*, 51 N.E.3d at 1158. That statute, largely unchanged since its original enactment in 1852, confers the authority to waive on the *defendant*—not the defense attorney. *Id*. Specifically, Indiana Code section 35-37-1-2 provides that "[t]he defendant and the prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure[1], all other trials must be by jury."

[10] Relying on that defendant-centric procedure, Indiana precedent has repeatedly affirmed the personal waiver requirement, beginning with our supreme court's decision in *Good v. State*, 366 N.E.2d 1169 (1977) (defense attorney cannot waive jury trial on behalf of defendant), to *Kellems*, 849 N.E.2d at 1110 (defense

---

[1] The Indiana Rules of Criminal Procedure make no change in the statue as it relates to jury trials for felonies.

attorney's statement that defendant had decided to waive his jury trial right must be confirmed with defendant). Our supreme court's most recent pronouncement in this area is *Horton*, 51 N.E.2d at 1158. In *Horton*, after being found guilty in a jury trial, the defendant proceeded to the enhancement phase. *Id*. at 1155. At that point, the court asked Horton's counsel whether defendant wanted to waive his jury trial right, to which counsel responded "[t]hat's correct, Judge." *Id*. In the absence of a personal waiver by Horton, the State asked the supreme court to imply from the circumstances that the waiver was nevertheless defendant's choice because "Horton had just experienced a jury trial and thus was probably 'aware' of the right his attorney waived on his behalf." *Id*. at 1159. Declining to carve out an exception, the *Horton* court stated:

> The personal waiver requirement, rooted in Indiana Code section 35-37-1-2 and longstanding precedent, eliminates an intolerable risk. It ensured that a felony prosecution will not proceed to a bench trial against the defendant's will by demanding direct evidence that waiver is in the defendant's choice. Given the high stakes of erroneous jury-trial deprivation and the low cost of confirming personal waiver, we see no reason to dilute our time-honored personal waiver requirement by "back[ing] away from [the] standard practice" that "Indiana trial courts have clearly adopted." That refusal simply reflects this [c]ourt's commitment to the doctrine of stare decisis—that "a rule which has been deliberately declared should not be disturbed by the same court absent urgent reasons and a clear manifestation of error." Seeing no such urgent reasons, we maintain the personal waiver requirement.

*Id*. at 1160 (internal citations omitted).

[11] Likewise, here, we find no "direct evidence that waiver [was] in [Williams']
choice." *Id*. After the jury returned a guilty verdict on the Level 6 charges and
prior to the commencement of the enhancement phase, the following colloquy
occurred:

> THE COURT: Okay. You all may be seated, Okay, as the parties
> are aware, [Williams] was charged with [L]evel 5 offenses. I
> believe as a result of prior convictions, we can – Defense what is
> your clients [sic] position, and your position regarding the second
> phase?
>
> [Williams' counsel]: Judge, we are willing to stipulate to the prior
> conviction.
>
> THE COURT: Okay. And, do you have a copy of those?
>
> [Williams' counsel]: I'm sorry?
>
> THE COURT: Do you have a copy of those?
>
> [Williams' counsel]: Yes, I do. I do.
>
> THE COURT: Okay. And, it is – it's just one prior conviction,
> is that correct; or is it two?
>
> [State]: It's one.
>
> * * *
>
> THE COURT: Okay, thank you. Mr. Williams sir, please raise
> your right hand. Mr. Williams. Mr. Williams.
>
> [Williams]: oh, yes.
>
> THE COURT: Okay, you're [sic] head is on the desk. Are – are
> you ill, sir?
>
> [NO AUDIBLE RESPONSE]

THE COURT: Mr. Williams, are you ill?

[Williams]: yep.

THE COURT: Okay, so. Do you need to go to – have a recess or something?

[Williams]: I'm just ready to go, Judge.

THE COURT: Okay. So, Mr. Williams, we can bring the jury in for the second phase, and they can be made aware, or right now we're going to – I have to ask you some questions under oath and I'm sure your lawyers explained to you, both of them, how this process is going to go.

[Williams]: I will accept, I will accept. I will accept.

THE COURT: Okay. Mr. Williams, raise your right hand, sir. Do you swear or affirm under the penalties of perjury the statements you're going to give are true and accurate?

[Williams]: I ain't got no reason not to.

THE COURT: Okay, you have to answer yes or no, Mr. Williams. You know what we'll do, to be – we can just bring the jury back in, and then we can have – be here several more hours to go through the second phase. So, you can either answer my questions, or State's going to be presenting a lot of evidence in front of the jury.

[Williams]: INDISCERNABLE, yeah.

THE COURT: Okay. And, again, this is a courtroom. So, I need you to raise your right hand. I have to make sure that the record is clear, sir. Do you swear or affirm under the penalties of perjury that the statements you're going to give are true and accurate, yes or no?

[Williams]: Yeah.

(Transcript pp. 125-27).

[12] As in *Horton*, the State encourages us to find waiver by inferring that Williams waived his right to a jury trial from the surrounding circumstances, such as Williams' history of contacts with the justice system, his education level, and the fact that he had just experienced a jury trial. Even if we read Williams' counsel's stipulation to the prior conviction as inclusive of the jury trial waiver during the enhancement phase, Williams still did not personally make a voluntary, knowing, and intelligent waiver of his right. Accordingly, the failure to confirm Williams' personal waiver before proceeding to a bench trial for the enhancement phase was fundamental error. *See, e.g., Horton*, 51 N.E.3d at 1160. We therefore reverse Williams' Level 5 convictions and remand for a new trial on the enhancement charges.

## CONCLUSION

[13] Based on the foregoing, we hold that the trial court committed fundamental error by proceeding to a bench trial on the enhancement charges absent Williams' personal waiver of the right to trial by jury. We reverse his conviction for the Level 5 enhancement charges and remand with instructions to proceed to a new trial limited to the enhancements.

[14] Reversed and remanded for a new trial.

[15] Robb, J. and Pyle, J. concur