## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Michael R. Fisher
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah J. Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Durrell L. Shepherd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 31, 2020

Court of Appeals Case No.
19A-CR-1740

Appeal from the
Marion Superior Court

The Honorable
Angela D. Davis, Judge

Trial Court Cause No.
49G16-1905-F6-18802

**Kirsch, Judge.**

[1] Durrell L. Shepherd ("Shepherd") was convicted of domestic battery[1] as a Level 6 felony and was sentenced to 366 days executed. Shepherd appeals his conviction, contending that he did not knowingly, voluntarily, and intelligently waive his right to a jury trial.

[2] We affirm.

## Facts and Procedural History

[3] On May 10, 2019, Shepherd had an argument with the mother of his children. *Tr. Vol. II* at 8, 15. She fell to the ground holding their two-year-old child as Shepherd stood over her and punched her in the face with a closed fist five to ten times. *Id*. at 15, 17. As Shepherd was punching his children's mother, he screamed that the beating was her fault because he thought she had called the police. *Id*. at 16. On May 14, 2019, the State charged Shepherd with two counts of domestic battery, each as a Level 6 felony, and one count of battery as a Level 6 felony. *Appellant's App. Vol. II* at 17.

[4] At a preliminary hearing on May 16, 2019, Shepherd's counsel informed the trial court that Shepherd intended to waive his right to a jury trial and to request a bench trial. *Supp. Tr. Vol. II* at 9. The trial court then placed Shepherd under oath. *Id*. The trial court spoke directly to Shepherd and asked, "You have a constitutional right to six members of the public being selected from a larger

---

[1] *See* Ind. Code § 35-42-2-1.3.

group but with a court trial it just would be me or someone like me; do you understand?" *Id*. Shepherd responded in the affirmative that he understood. *Id*. The trial court then confirmed that he wished to proceed without a jury by asking, "Is that how you wish to proceed," and Shepherd responded, "Yes, ma'am." *Id*. The trial court next confirmed that Shepherd had not been promised any special treatment by waving his right to a jury trial. *Id*. After this inquiry, the trial court found that Shepherd's waiver of a jury trial was "freely, knowingly, and voluntarily" done and set the case for a bench trial. *Id*. At the bench trial, Shepherd was found guilty of one count of Level 6 felony domestic battery. *Tr. Vol. II* at 79. The presentence investigation report stated that Shepherd had a lengthy criminal history, consisting of eighteen arrests, eight misdemeanor convictions, and five felony convictions. *Appellant's Conf. App. Vol. II* at 69. The trial court sentenced Shepherd to 355 days executed. Shepherd now appeals.

## Discussion and Decision

Shepherd contends that he was denied his right to a jury trial because he did not personally communicate a knowing, voluntary, and intelligent waiver of his right to a jury trial. He specifically asserts that the record contains no indication that he waived his right to a jury trial. We disagree.

"The jury trial right is a bedrock of our criminal justice system, guaranteed by both Article I, Section 13 of the Indiana Constitution and the Sixth Amendment to the United States Constitution." *Horton v. State*, 51 N.E.3d

1154, 1158 (Ind. 2016). The Federal and Indiana constitutional jury trial rights guarantee the same general protection, that a criminal defendant must receive a jury trial, unless he waives it. *Id.* Under the Sixth Amendment, waiver of a jury trial right must be "express and intelligent," *Patton v. United States,* 281 U.S. 276, 312 (1930), and waiver of the right to a jury trial under the Indiana Constitution, must be "knowing, voluntary[,] and intelligent," *Perkins v. State,* 541 N.E.2d 927, 928 (Ind. 1989). But the Indiana jury trial right provides greater protection because, in a felony prosecution, waiver is valid only if communicated *personally* by the defendant. *Horton*, 51 N.E.3d at 1158 (citing *Kellems v. State,* 849 N.E.2d 1110, 1114 (Ind. 2006)).

[7]     Here, contrary to Shepherd's contention, the record contains evidence of his waiver of his right to a jury trial. At the preliminary hearing on May 16, 2019, Shepherd was explicitly advised by the trial court of his right to a jury trial before he personally confirmed that he understood the right, that he still wished to proceed with a bench trial, and that he was not promised any special treatment by waiving his right to a jury. *Supp. Tr. Vol. II* at 9. Shepherd's counsel was present at the time of the waiver and indicated that he had discussed the matter with Shepherd. *Id.* Additionally, Shepherd's criminal history consisting of eighteen arrests, eight misdemeanor convictions, and five felony convictions made "it likely that he knew very well what a jury was and what it meant to waive a jury trial." *McSchooler v. State*, 15 N.E.3d 678, 683 (Ind. Ct. App. 2014). We, therefore, conclude that the record was sufficient to establish that Shepherd knowingly, voluntarily, and intelligently waived his

right to a jury trial. *See id*. (holding that waiver of right to jury trial was valid where defendant personally expressed a desire to waive his jury trial right, was represented by an attorney who indicated that he and the defendant had discussed the waiver beforehand, and had a somewhat extensive criminal history).

[8] Affirmed.

Bailey, J., and Mathias, J., concur.