## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 15 2017, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Darren Bedwell<br>Marion County Public Defender Agency<br>Indianapolis, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Lyubov Gore<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Stickles,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 15, 2017<br><br>Court of Appeals Case No.<br>49A05-1703-CR-506<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Angela Dow Davis, Judge<br><br>Trial Court Cause No.<br>49G16-1611-F6-45066 |

**Mathias, Judge.**

[1] Michael Stickles ("Stickles") appeals from the trial court's order approving a probation department memorandum concerning the assessment of probation

fees. However, because the trial court has subsequently found Stickles indigent to all probation fees, we dismiss this appeal as moot.

## Facts and Procedural History

After a bench trial on February 9, 2017, Stickles was found guilty of Class A misdemeanor domestic battery. At the sentencing hearing immediately following the trial, Stickles was sentenced to 305 days of non-reporting probation. During the hearing, the following exchange took place:

[Court]:     I hope that you are successful. I'll do no fines, no court costs. You've got enough issues.

[Counsel]:   Would the Court be willing to fin[d] Mr. Stickles indigent of the costs of probation?

[Court]:     Yes.

Tr. p. 57.

Eight days later, the probation department sent the trial court a memorandum containing the following relevant information:

> The above named defendant was convicted of Domestic Battery/MA and sentenced to 265 days probation. Per the Indiana Trial Court Fee Manual, the following fees are eligible to be assessed:
>
> Probation Administrative Fee in the amount of $50.00 and Probation User Fee in the amount of $250.00
>
> The Probation Department is seeking clarification as to if the Court wishes to have these fees assessed.

Appellant's App. p. 38. Four days after receiving the memorandum, the trial court issued a signed order that indicated:

```
ORDER ON MEMORANDUM OF PROBATION

The Court having reviewed the Memorandum filed by Probation now ORDERS:

☒    Memorandum is APPROVED.

☐    Memorandum is DENIED.

☐    Other: _____
```

*Id.* at 39.

[4]    On June 14, 2017, the CCS specified that the trial court amended Stickles's sentence by waiving a previously imposed $50 domestic violence prevention fee. On the same day, the trial court also found Stickles "Indigent as to Fines and Costs," and specifically indicated "probation fees." Stickles now appeals.

## Discussion and Decision

[5]    Stickles's sole argument on appeal is that the trial court abused its discretion when it authorized the probation department to impose fees after Stickles was found indigent to all fees during sentencing.

[6]    We initially note that the record does not reveal whether the probation department fees outlined in the memorandum and approved by the trial court were ever actually imposed. Stickles points out, "The record does not reflect that probation followed through and imposed the $250 user's fee." Appellant's Br. at 7.

Further, although not cited by either party,[1] the trial court made a specific finding on June 14 that Stickles is indigent to all probation fees. Therefore, because the fees were never imposed, and the trial court has since made an explicit finding that Stickles is indigent to all probation fees, Stickles has received the relief he sought, and as such, his appeal is dismissed as moot. *Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006), *trans. denied.*

Vaidik, C.J., and Crone, J., concur.

---

[1] Indiana Evidence Rule 201(b)(5), as amended effective January 1, 2010, "permits courts to take judicial notice of 'records of a court of this state[.]'" *Horton v. State*, 51 N.E.3d 1154, 1160 (Ind. 2016). Court records are presumptively sources of facts "that cannot reasonably be questioned" "in the absence of evidence tending to rebut that presumption." *Id.* at 1161.