# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 22 2017, 6:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jay E. Millen,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 22, 2017<br><br>Court of Appeals Case No.<br>84A05-1606-CR-1359<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable Michael R. Rader, Judge<br><br>Trial Court Cause No.<br>84D05-1105-FC-1611 |

**Vaidik, Chief Judge.**

# Case Summary

The State filed a petition to revoke Jay E. Millen's probation based on the commission of new offenses; the trial court found that Millen violated his probation, revoked it, and ordered him to serve the remainder of his previously suspended sentence. Millen now appeals, arguing that there is no evidence in the record that he committed the offenses during his probationary period. We affirm.

# Facts and Procedural History

[1] In 2011, Millen pled guilty to Class C felony criminal confinement, Class D felony strangulation, Class D felony intimidation, and Class A misdemeanor domestic battery. In exchange, he received a ten-year sentence, all of which was suspended to probation (minus credit time).

[2] Thereafter, the State filed a petition to revoke Millen's probation, alleging that he violated it by committing new offenses. The petition specifically alleged that Millen committed, among other offenses, obstruction of justice and false informing.

[3] The probation-revocation hearing was held in May 2016. At the beginning of the hearing, defense counsel indicated that Millen was prepared to make "an admission." Tr. p. 3. When the trial judge asked if Millen was going to testify, the State responded: "I think he's willing to admit to the convictions and then the testimony would just be regarding sentencing." *Id.* at 3-4. However, in

order to "alleviate" Millen from "having to make any admission," the judge said that he would instead take judicial notice of Millen's December 2015 convictions for false informing and obstruction of justice in "Division 1" "upstairs." *Id.* at 4. When the judge made this announcement, it was apparent that he had the Division 1 records before him. *Id.* ("I was going to say we should have that, yes here's the Division 1 case."). Millen remained silent and raised no objection to this procedure.

[4] The judge found that Millen violated his probation by virtue of his convictions in Division 1 and then proceeded to disposition, where he revoked Millen's probation and ordered him to serve the remainder of his previously suspended sentence.

[5] Millen now appeals.

# Discussion and Decision

[6] A trial court may revoke a person's probation if the person violated a condition of probation during the probationary period. *See* Ind. Code § 35-38-2-3(a). Millen contends that "the record is devoid of any evidence that [he] was even on probation at the time that he committed the offenses in question." Appellant's Br. p. 8. Millen acknowledges that the trial court took judicial notice of his false-informing and obstruction-of-justice convictions but highlights that the court "did not take judicial notice of **when** the offenses were alleged to have occurred." *Id.* (emphasis added).

[7] Indiana Rule of Evidence 201 permits courts to take judicial notice of certain material, including facts "not subject to reasonable dispute" and facts "readily determined from sources whose accuracy cannot reasonably be questioned." *See Horton v. State*, 51 N.E.3d 1154, 1160 (Ind. 2016). For years, Rule 201 did not permit a trial court to take judicial notice of court records, even if they were "its own records in another case previously before the court on a related subject with related parties." *Id.* (quotation omitted). But effective January 1, 2010, amended Rule 201(b)(5) now permits courts to take judicial notice of "records of a court of this state," just like the trial court did here. *Id.*

[8] Nevertheless, Millen argues that the record does not indicate when the offenses occurred. Our Supreme Court examined in *Horton* whether a trial court must enter the judicially noted material into the record. The Court explained that while the "best practice" is for the trial court to enter the material into the record, that does not always happen. *Id.* When the court below fails to incorporate the judicially noticed material into the record, there is no impediment to judicial review when that material "is either common sense or widely accessible," such as when the material is court records accessible through Indiana's Odyssey case-management system. *Id.* at 1161. Our search of Odyssey reveals that Millen was found guilty of false informing and obstruction of justice under Cause No. 84D01-1410-MR-2583 in December 2015 and that the offenses occurred in June 2014, well within Millen's ten-year

probationary period.[1]  Moreover, when the trial court took judicial notice of Millen's convictions for false informing and obstruction of justice (without objection from Millen), that notice was broad enough to include when the offenses occurred.  This is especially so because the judge had the Division 1 records before him at the time.  We therefore affirm the revocation of Millen's probation.

[9]  Affirmed.

Bradford, J., and Brown, J., concur.

---

[1] Millen also argues that because he was appealing his false-informing and obstruction-of-justice convictions at the time of the probation-revocation hearing, the trial court could not use them to revoke his probation. Because Millen's convictions were affirmed, we need not address this argument. *See Millen v. State*, No. 84A04-1602-CR-256 (Ind. Ct. App. Sept. 16, 2016).