

**FILED**

Oct 17 2018, 9:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Shane R. Bradtmiller,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 17, 2018<br><br>Court of Appeals Case No.<br>18A-CR-884<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable John F.<br>Surbeck, Jr., Judge<br><br>Trial Court Cause No.<br>02D06-1705-F3-26 |

**Vaidik, Chief Judge.**

## Case Summary

[1] Shane R. Bradtmiller appeals his habitual-offender finding, arguing that he did not personally waive his right to a jury trial for the habitual-offender enhancement. We agree. Although Bradtmiller personally waived his right to

a jury trial on the underlying felonies, that waiver came before the State filed the habitual-offender enhancement. Contrary to the State's argument on appeal, Bradtmiller's waiver on the underlying felonies did not encompass a waiver on the yet-to-be filed habitual-offender enhancement. We therefore vacate Bradtmiller's habitual-offender finding and the sentence imposed thereon and remand this case to the trial court for further proceedings.

# Facts and Procedural History

[2]   In the summer of 2017, the State charged Bradtmiller with several felonies. At a pretrial conference on Monday, October 30, 2017, the State told the trial court about several pending motions in the case, including a motion to waive jury trial that Bradtmiller's attorney had filed on October 27. The court then engaged Bradtmiller in a colloquy during which it informed Bradtmiller of his right to a jury trial, and Bradtmiller waived that right. *See* Pretrial Tr. p. 5. Also at this hearing, the State told the trial court that it had made a plea offer to Bradtmiller that expired at "the end of the week." *Id.* at 4. The State said that if Bradtmiller did not accept its offer, it was going to file a habitual-offender enhancement on Friday. The court set a hearing for Friday, November 3 to see where matters stood.

[3]   At the hearing on Friday, Bradtmiller's attorney informed the trial court that Bradtmiller was not accepting the State's offer. The State then filed the habitual-offender enhancement in open court. Bradtmiller's attorney told the trial court that "[w]e're . . . wanting for the record to waive the Jury . . . [i]n

reference to the Habitual Offender Enhancement[.]" *Id.* at 9-10. Unlike the October 30 hearing, however, the court did not inform Bradtmiller of his right to a jury trial for the habitual-offender enhancement or otherwise engage in a colloquy with Bradtmiller regarding waiver.

A bench trial was held in February 2018, and the trial court found Bradtmiller guilty of the felonies and also found him to be a habitual offender. The court sentenced Bradtmiller to thirty-five years, including twenty years for the habitual-offender finding.

Bradtmiller now appeals.

# Discussion and Decision

Bradtmiller contends that he did not personally waive his right to a jury trial for the habitual-offender enhancement. The Indiana Supreme Court recently reaffirmed the personal-waiver requirement in *Horton v. State*, where it stated that the Indiana Constitution's right to a jury trial "may be waived by one, and only one, person—the defendant. Unless the defendant **personally** communicates to the judge a desire to waive that right, he must receive a jury trial." 51 N.E.3d 1154, 1155 (Ind. 2016) (holding that Horton's attorney's waiver for the second phase of trial was not a personal waiver by Horton). The State does not argue that Bradtmiller personally waived his right to a jury trial for the habitual-offender enhancement at the November 3 hearing. Instead, the State argues that Bradtmiller's personal waiver at the October 30 hearing

"encompassed the habitual offender enhancement." Appellee's Br. p. 12. The State reasons that although the habitual-offender enhancement was not filed at the time of the October 30 hearing, Bradtmiller and his attorney nevertheless knew that the State would file the habitual-offender enhancement if Bradtmiller did not accept the State's offer.

[7] We have addressed this argument from the State before. In *O'Connor v. State*, the State argued that while the habitual-offender enhancement "was not filed until well after O'Connor waived her right to a jury trial upon the underlying charges, O'Connor knew full well at the time that she waived jury trial that the State would file the habitual count if she did not accept the plea offer." 796 N.E.2d 1230, 1234 (Ind. Ct. App. 2003) (quotation omitted). We rejected the State's argument:

> Even though O'Connor knowingly, voluntarily, and intelligently waived her right to a jury trial upon the underlying charges, we fail to see how O'Connor's waiver was effective as to an habitual offender information which had yet to be filed. The record reveals that O'Connor was never advised of her right to a jury trial as to the habitual offender determination and that at no time after the State filed the habitual offender information did she waive her right to such. O'Connor's waiver of her right to a jury trial was not made with sufficient awareness of the relevant circumstances surrounding its entry and its consequences so as to be deemed a voluntary, knowing, and intelligent waiver of her right to a jury trial as to the habitual offender determination. Therefore, we reverse the trial court's habitual offender determination, vacate the sentence imposed thereon, and remand to the trial court for proceedings not inconsistent with this opinion.

*Id.* at 1235.

[8]     We reach the same result in this case.  Because Bradtmiller was never advised of his right to a jury trial for the habitual-offender enhancement, his jury-trial waiver on October 30 was not made with sufficient awareness of the relevant circumstances and therefore did not apply to the later-filed habitual-offender enhancement.  *See Jones v. State*, 810 N.E.2d 777, 780 (Ind. Ct. App. 2004) ("As in *O'Connor*, we believe Jones was not given the opportunity to voluntarily, knowingly and intelligently waive his right to trial by jury on the habitual offender count.").  We therefore reverse the trial court's habitual-offender finding and the sentence imposed thereon and remand this case to the trial court for further proceedings.

[9]     Reversed and remanded.

Riley, J., and Kirsch, J., concur.