## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2019, 6:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Horvath Smith & Rayl, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Francisco Mancillas, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 3, 2019 <br><br> Court of Appeals Case No. 19A-CR-59 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela D. Davis, Judge <br><br> The Honorable Patrick Murphy, Magistrate <br><br> Trial Court Cause No. 49G16-1809-F6-31841 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Jose Francisco Mancillas (Mancillas), appeals his conviction for invasion of privacy, a Level 6 felony, Ind. Code § 35-46-1-15.1.

We affirm.

# ISSUE

Mancillas raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to support his conviction for invasion of privacy.

# FACTS AND PROCEDURAL HISTORY

Mancillas and Martha Contreras (Contreras), Mancillas' wife of twenty-eight years, separated in February 2017. The following month, the trial court issued a no-contact order, which expired after one year. On January 26, 2018, the no-contact order was renewed as a condition of Mancillas' sentence in a different cause. In February 2018, Contreras and her fifteen-year-old daughter moved in with her oldest daughter, Myra Lacaro (Myra). Mancillas was granted visitation with the youngest child on the condition that he would visit when Contreras was not home or make arrangements to visit at a different location.

On September 18, 2018, Contreras returned home from work. Myra informed Contreras that Mancillas "was around," and "that she had seen him." (Transcript p. 6). Contreras called 911. Meanwhile, Contreras saw that Mancillas knocked on the door of the residence but did not enter. Myra made

Mancillas a sandwich, which he ate outside. When an officer of the Indianapolis Metropolitan Police Department arrived, the officer approached Mancillas and asked for his name. Mancillas gave his name as 'Jose Cruz Herrera.' After learning that a no-contact order was in place between Mancillas and Contreras, the officer arrested Mancillas.

[6] On September 20, 2018, the State filed an Information, charging Mancillas with invasion of privacy, a Level 6 felony. On December 12, 2018, a bench trial was conducted. At the close of the evidence, the trial court found Mancillas guilty of invasion of privacy as a Class A misdemeanor. After admitting that he has a prior conviction for invasion of privacy, the trial court elevated his instant conviction to a Level 6 felony. Mancillas was sentenced to 910 days in the Marion County jail with 545 days suspended to probation.

[7] Mancillas now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

[8] Although phrased as a Fourteenth Amendment issue, Mancillas' argument is more properly characterized as a challenge to the sufficiency of the evidence. Specifically, Mancillas contends that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his conviction for invasion of privacy.

[9] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Jackson v. State*, 50 N.E.3d 767, 770 (Ind. 2016). We neither assess

witness credibility nor weigh the evidence, and we will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

[10] In order to convict Mancillas, the State was required to establish that Mancillas knowingly or intentionally violated the no-contact order under I.C. § 35-38-1-30, which required Mancillas to refrain from any direct or indirect contact with Contreras. A person who knowingly or intentionally violates a no-contact order issued as a condition of probation and who has a prior conviction for invasion of privacy commits Level 6 felony invasion of privacy. I.C. § 35-46-1-15.1. Knowing conduct occurs when a person "engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2.

[11] Mancillas' main argument revolves around the State's lack of introducing the no-contact order into evidence, as it was "the State's burden to show the terms of the no-contact order[.]" (Appellant's Br. p. 11). While our review of the record reveals that the no-contact order is not included, we note that the Chronological Case Summary of the underlying cause indicates that on January 26, 2018, as a condition of his sentence, Mancillas was issued a no-contact order in open court. Pursuant to I.C. § 35-38-1-30, "[a] sentencing court may require that, as a condition of a person's executed sentence, the person shall refrain from any direct or indirect contact with an individual." As such, the statutory provision explicitly defines the conduct Mancillas was prohibited to engage in.

[12] Here, Mancillas arrived at the residence where Contreras lived without an invitation and without adhering to the parties' visitation arrangements. Contreras was at home and heard him knock on the door. *See Eisert v. State*, 102 N.E.3d 330, 334 (Ind. Ct. App. 2018) (Invasion of privacy is a crime "that can be accomplished by telephone calls, emails, letters, or rung doorbells.") When law enforcement arrived, Mancillas tried to pass himself off as someone else. Providing a false name to law enforcement is "evidence of consciousness of guilt." *Bennett v. State*, 883 N.E.2d 888, 892 (Ind. Ct. App. 2008), *trans. denied*. Thus, it would be reasonable for the finder of fact to infer that Mancillas was attempting to evade detection by the officer because he knew of the existence and violation of the no-contact order.

[13] While Mancillas claims that the trial court violated his due process rights by convicting him of violating the "spirit" of the no-contact order, he ignores the entirety of the trial court's order, stating

> With the evidence and the [inferences] are its and it's not disputed that he is most likely to have visits with his minor children off this location. Going into a house where a person lives, the protected person lives, I think that's that's in violation of the no contact spirit, certainly the [n]o [c]ontact [o]rder. Again, there is sufficient evidence to find him guilty of this charge.

(Tr. p. 19).

[14] In sum, the evidence reflects that Mancillas knew that he was not supposed to arrive uninvited or without any prior arrangement at the residence. The

indirect contact with Contreras was established when she saw him at the house and heard his knocking on the door. Therefore, we affirm Mancillas' conviction.

## CONCLUSION

[15] Based on the foregoing, we conclude that the State presented sufficient evidence to establish Mancillas' conviction of invasion of privacy.

[16] Affirmed.

[17] Bailey, J. concurs

[18] Pyle, J. concurs in result with separate opinion

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jose Francisco Mancillas, <br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | Court of Appeals Case No. <br> 19A-CR-59 |

**Pyle, Judge, concurring in result with opinion.**

I concur in the result reached by my colleagues, but I write briefly to assist the litigants and trial court. In cases where the State has charged a defendant with an offense that carries the potential for an enhanced sentence because of a prior conviction, our supreme court has outlined a better practice when introducing evidence that may be judicially noticed. The court noted that it might be minimally sufficient for a court to take judicial notice of publicly available records as long as it unambiguously identifies those documents. *Horton v. State,*

51 N.E.3d 1154, 1155 (Ind. 2016). "But the better approach, when practical, is to enter the particular documents into the record, so that both the litigants and appellate courts can know with certainty what evidence the court considered." *Id.*

[20] While neither practice was followed in this case, it does not mean that there was insufficient evidence regarding the existence of a no-contact order in this case. As my colleagues point out, the CCS was entered into evidence as State's Exhibit 1. It shows that the no contact order from the prior case was issued and served on Mancillas on January 26, 2018, and that it was issued as a condition of his suspended sentence. Further, the no-contact order was issued by the same trial court, but different magistrate, which presided over the trial in this case. It may be true that had this case been tried before a jury, the State's failure to introduce the no-contact order or request the trial court to take judicial notice of specific records may have been fatal. However, this was a bench trial. As a result, applying the judicial temperance presumption we can presume "the trial judge is aware of and knows the law and considers only evidence properly before him or her in reaching a decision." *Hinesley v. State*, 999 N.E.2d 975 (Ind. Ct. App. 2013). The information contained in the CCS provided sufficient evidence for the trial court to conclude beyond a reasonable doubt the existence of a no-contact order.