## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2020, 8:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin &
Webb
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew J. Gogarty,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana<br>*Appellee-Plaintiff* | September 18, 2020<br><br>Court of Appeals Case No.<br>20A-CR-825<br><br>Appeal from the Vanderburgh<br>Circuit Court<br><br>The Honorable Kelli E. Fink,<br>Magistrate<br><br>Trial Court Cause No.<br>82C01-1807-F6-4800 |

**Crone, Judge.**

# Case Summary

Following a bench trial, Matthew J. Gogarty was convicted of level 6 felony failure to register as a sex or violent offender. On appeal, he asserts that he did not personally waive his right to a trial by jury, and therefore the waiver was invalid. The State concedes that reversible error occurred. Accordingly, we vacate Gogarty's conviction and reverse and remand for a new trial.

# Facts and Procedural History

In July 2019, Gogarty was taken into custody and charged with level 6 felony failing to register as a sex or violent offender. A preliminary hearing was held on February 19, 2020. During the brief hearing, Gogarty's counsel told the magistrate, "I had offered to waive jury trial and so we're here today to do it formally." Tr. Vol. 2 at 4. The State offered no objection, and the magistrate simply pronounced in open court that the "parties waive jury." *Id.* Gogarty was present at the hearing but did not speak. The magistrate thereafter ordered that the "[j]ury trial set for February 21, 2020 is now a bench trial." Appellant's App. Vol. 2 at 13-14.[1]

The bench trial was held before a different magistrate on February 21, 2020. The trial court found Gogarty guilty as charged and sentenced him to 547 days, with 427 days suspended to probation, minus credit for time served. This appeal ensued.

---

[1] We note that the magistrate that presided over the preliminary hearing was not the same judicial officer that presided over the bench trial.

## Discussion and Decision

[4] Gogarty contends that he did not personally waive his right to a jury trial, and therefore the waiver was invalid. The State concedes that the record does not reflect that a personal waiver occurred and that reversal and remand for a new trial is warranted. As our supreme court has explained, "[t]he Indiana Constitution guarantees the right to jury trial, which may be waived by one, and only one, person—the defendant. Unless the defendant personally communicates to the judge a desire to waive that right, he must receive a jury trial." *Horton v. State*, 51 N.E.3d 1154, 1155 (Ind. 2016). The personal communication requirement derives from Indiana Code Section 35-37-1-2, which provides that "[t]he *defendant* and prosecuting attorney, with the assent of the court, may submit the trial to the court. Unless a defendant waives the right to a jury trial under the Indiana Rules of Criminal Procedure, all other trials must be by jury." (Emphasis added). So, while a defendant may indeed waive his right to a jury trial, that waiver may occur "only when the defendant personally waives and only when the record reflects that action in writing or in open court." *Nunez v. State,* 43 N.E.3d 680, 683 (Ind. Ct. App. 2015), *trans. denied* (citations omitted). These requirements ensure that the defendant's waiver is "knowing, intelligent, and voluntary, with sufficient awareness of the surrounding circumstances and the consequences." *Id.* The failure to confirm a defendant's personal waiver before proceeding to bench trial constitutes fundamental error. *Horton*, 51 N.E.3d at 1160.

Here, as conceded by the State, Gogarty did not sign a written jury trial waiver, and the record reflects no colloquy in open court between Gogarty and the trial court. As Gogarty did not personally express a desire to waive his right to a jury trial, the waiver was invalid. *See Anderson v. State*, 833 N.E.2d 119, 122 (Ind. Ct. App. 2005) (holding waiver invalid where defendant neither signed written waiver nor expressed personal desire to waive right to jury trial in open court). We therefore vacate Gogarty's conviction and remand this case for a new trial.

Reversed and remanded.

Robb, J., and Brown, J., concur.