


FILED

Feb 28 2024, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

M.W.,

*Appellant-Respondent*

v.

H.Y.,

*Appellee-Petitioner*

February 28, 2024

Court of Appeals Case No.
23A-PO-879

Appeal from the Lake Circuit Court

The Honorable Lisa A. Berdine, Magistrate

Trial Court Cause No.
45C01-2301-PO-000102

**Opinion by Judge Felix**
Judges Bailey and May concur.

**Felix, Judge.**

## Statement of the Case

On March 21, 2023, following a hearing, the trial court entered a civil protection order under Indiana Code chapter 34-26-5 against M.W. ("Husband") in favor of H.Y. ("Wife"). Husband appeals raising a single issue, namely, whether the trial court held a hearing regarding Wife's Petition for an Order of Protection.[1]

We affirm.

## Facts and Procedural History

Husband and Wife are parents to two children, one, "Z", born June 8, 2021, and the other, "R", born January 30, 2023 (collectively, the "Children"). Since August 2022, Husband and Wife had been engaged in divorce proceedings in cause 45C01-2208-DC-477 ("DC-477"). Wife had requested a protection order against Husband in the dissolution proceedings, but the trial court ultimately approved an agreed provisional order on November 29, 2022 ("Provisional Order") that did not include a protection order. Instead, the Provisional Order prohibited "negative contact" between Husband and Wife.[2] Tr. Vol. II at 51.

---

[1] Husband's brief does not request review of the sufficiency of evidence to support the entry of the protection order in this matter.

[2] Under Indiana Appellate Rule 27, we take judicial notice of the Provisional Order entered in the parties' dissolution matter, DC-477 on November 29, 2022, nunc pro tunc August 30, 2022. *See also Horton v. State*, 51 N.E.3d 1154, 1162 (Ind. 2016). We note that although the Provisional Order indicates that the terms were

Specifically, the Provisional Order prohibited each party from harassing or disturbing the peace of the other or making video or audio recordings of the other party or their family. Wife had initially sought a protection order in the divorce proceedings but agreed to forego the same because of the negative consequences its entry would have had on Husband's job as a physician.

[4] The parties' relationship during the divorce was difficult and included the parties making recordings when the other engaged in name-calling, sometimes in front of Z, despite the Provisional Order's prohibition on negative contact. Wife testified that negative contact had been occurring "continuously, repetitively, constant" since the entry of the Provisional Order. Tr. Vol. II at 51.

[5] On January 23, 2023, Wife met Husband at the designated Walgreens to pick up Z at the end of Husband's week of parenting time. At the time, Wife was very far along in her pregnancy with R. As Wife was carrying Z to Wife's car, Husband followed and entered the back seat of her car. Wife testified: "Essentially, his entire body was inside the car while I was putting Z in the car seat." Tr. Vol. II at 67. Wife's mother ("Grandmother") was also in the back

by agreement following a hearing, the order indicates that Husband refused to sign. Following is the relevant portion:

> Each party is prohibited from harassing or disturbing the peace of the other party. Neither party shall appear at the other party's home, place of employment or at the home or employment of the other party's family members. Neither party shall contact the other party's colleagues or friends regarding this dissolution action. Neither party shall stalk, follow, video, or audio record the other party or the other party's family.

seat of Wife's car at the time. Wife testified that Husband started calling Grandmother a "whore" and "sticking up the middle finger." *Id.* Wife testified further that Grandmother "got scared because of [Wife's] pregnant belly and [Husband] being on top of me that he was going to do something, and basically came around outside to protect me." *Id*. at 68. Wife was afraid; she had to "push [Husband] away from [her], essentially, because he was on top of [her]." Tr. Vol. II at 69. Wife and Mother then "rushed back inside the car, and [Wife] locked the car." *Id.* at 67. Wife then called the police. While Wife and Mother were in her locked car waiting for the police, Husband continued to "stand, stare, and record" her from the front of her car. *Id*. at 68.

[6] On January 25, 2023, Wife filed a pro se petition for an order of protection and request for hearing ("PO Cause"). The petition alleged domestic or family violence, specifically regarding the January 23, 2023 incident, and harassment, alleging multiple and "constant" instances, as the bases for the protection order. Tr. Vol. II at 51. Following an ex parte hearing on the same date, the trial court issued an ex parte order of protection ("Ex Parte Protection Order") against Husband as to Wife. The following day, Husband's counsel filed an appearance in the PO Cause. On February 9, 2023, Husband filed his request for a hearing in the PO Cause. The trial court set the PO Cause for a hearing.

[7] After Husband's request for a continuance, the hearing date for the PO Cause was set on the same date as that for a pending request for modification of the Provisional Order in DC-477, March 21, 2023. At the start of the March 21 hearing, the trial court announced: "We are on the record In Re the Marriage

of [Husband] and [Wife]; cause number [DC-477]." Tr. Vol. II at 3. After the parties and their counsel acknowledged their presence on the record, the following exchange occurred:

> THE COURT: We have set today the issue of the order of protection, as well as the modification of provisional orders. I'm not sure what the parties['] preferences were in terms of use of the guardian ad litem, if she was going to be staying for the entire length of the hearing, or which petition you all wanted to proceed with first, given the fact that she's here this morning. Or is she going to be appearing on both causes?
>
> [Husband's Counsel]: Well, I don't think she can testify as to the protective order. I don't really think she can testify as to the divorce hearing, but I thought the divorce motion was set for 9:00 and the protective order was set for 11:00.
>
> [Wife's Counsel]: And your Honor, my --
>
> THE COURT: Okay, even if the Court has slotted both of those times, generally when I have two causes with the same parties, I'll ask how they want to proceed so the Court can change its time of its calendar, so long as all parties are here. All right, [Wife's counsel]?
>
> [Wife's Counsel]: Your Honor, I would like to proceed with the motion to modify first, just because I think it feeds into the protection order issue. And I do definitely believe that the guardian ad litem needs to be a part of both hearings. I would call her as a witness in both.
>
> THE COURT: All right. Then with regard -- are the parties ready to proceed?

[Wife's Counsel]:  Yes, your Honor.

*Id.* at 3–4.

[8] The first witness who testified at the hearing was the guardian ad litem (the "GAL").  Tr. Vol. II at 5.  The GAL's testimony included descriptions of behavior she saw on videos provided by Husband and by Wife, including videos that showed Husband engaging in name-calling, foul language, and similar repetitive behaviors toward Wife in the presence of Z during FaceTime calls with Z.  The GAL also testified about a video clip Husband provided of the incident underlying the protection order petition.  Wife testified about Husband's conduct to support her request for the protection order, and Husband cross-examined Wife.  Following the hearing, the trial court granted Wife's request for a protective order under Indiana Code chapter 34-26-5.  Husband now appeals.

## Discussion and Decision

[9] Wife requested a protection order under the Indiana Civil Protection Order Act, Ind. Code §§ 34-26-5 to -21, on two grounds:  domestic or family violence and repeated acts of harassment.  To justify the entry of a protection order for domestic or family violence, "the petitioner must show by a preponderance of the evidence that the respondent committed an act of domestic or family violence such that the 'respondent represents a credible threat to the safety of' the petitioner or a member of their household."  *S.D. v. G.D.*, 211 N.E.3d 494, 497 (Ind. 2023) (quoting Ind. Code § 34-26-5-9(h)).  Likewise, a petitioner

alleging harassment must demonstrate by a preponderance of the evidence "conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress. I.C. § 35-45-10-2; *see also Fox v. Bonam*, 45 NE3d 794 (App. 2015).

[10] "When, as here, a party appeals a trial court's judgment entering a protective order, we apply a two-tiered standard of review—we consider whether the evidence supports the court's findings and, if so, whether those findings support the judgment." *S.D.*, 211 N.E.3d 497 (citing *S.H. v. D.W.*, 139 N.E.3d 214, 220–21 (Ind. 2020); Ind. Trial Rule 52(A)). "In making these determinations, we neither reweigh the evidence nor determine the credibility of witnesses, and we consider only the evidence favorable to the trial court's decision." *Id.* (citing *Mason v. Mares*, 188 N.E.3d 42, 44 (Ind. Ct. App. 2022), *trans. denied*). In close cases, "'the trial court is the one to make that call.'" *S.D. v. G.D.*, 211 N.E.3d at 498 (quoting *S.D. v. G.D.*, 195 N.E.3d 406, 411 (Ind. Ct. App. 2022) (Altice, J., dissenting)). "[O]ur trial courts are far better than appellate courts 'at weighing evidence and assessing witness credibility.'" *S.D.*, 211 N.E.3d at 498 (quoting *Snow v. State*, 77 N.E.3d 173, 177 (Ind. 2017)). "And this is particularly true in protective order cases, where our trial judges see and hear the parties interact as they relay details about intensely personal, traumatic events." *Id.*

[11] In the present case, Husband's sole argument on appeal is that "[t]he trial court failed to conduct a hearing on the petition for an order of protection." Appellant's Br. at 7. We initially observe that Husband's entire argument is

contained within a single paragraph that cites only a few pages in the hearing transcript and cites no case law. Husband argues "[t]here was no hearing held regarding the petition for order of protection; therefore, there was no evidence that M.W. committed an act of domestic or family violence or that M.W. represented a credible threat to the safety of H.Y." To be sure, the trial court failed to announce the PO Cause number into the record at the start of the dual-setting hearing. However, Husband fails to cite to any authority that requires such an announcement or that suggests such a failure means that the trial court failed to hear evidence on the PO Cause.[3] In any event, Husband's argument does not convince us.

[12] The trial court had set two cases between the parties for consecutive hearings on March 21, 2023: the request for modification of provisional orders in the divorce matter and the protection order petition. Husband was aware of both settings. When starting the proceedings, the trial court explained its practice of setting two causes with the same parties for the same day and asked the parties which matter they wished to proceed with first. The trial court also asked whether the "GAL would be needed to testify for both matters." Wife's counsel indicated that the GAL would be needed for both matters and

---

[3] Outside of setting out the statutory bases for the entry of a protection order, Husband fails to cite any law in support of his argument, which violates Indiana Appellate Rule 46(A)(8)(a). However, we exercise our discretion to review Husband's claim on the merits. *See Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015).

requested to proceed with the modification matter first; Husband's attorney did not object.

[13] The court had allotted a total of four hours for both hearings. During that time, the GAL testified regarding parenting time exchanges generally, including the GAL's opinion after viewing a video of the parenting time exchange incident underlying the protection order petition; communication problems and hostility between the parties; the GAL's opinion after viewing other videos of Husband's behavior with Wife; the GAL's opinions regarding legal custody of the Children; and issues that have arisen in parenting time and parenting time exchanges. Also, regarding the incident underlying the protection order petition, the GAL testified, "I think that last one was kind of unfortunately like it was a ticking time bomb where that was eventually going to happen anyway." Tr. Vol. II at 29.

[14] Wife also testified regarding the events underlying her petition for a protection order as well as other incidents evidencing hostility and communication and parenting time issues between the parties, and Husband had the opportunity to cross-examine her. At the conclusion of the hearing, the trial court took the matter under advisement and then issued the protection order the same day.

[15] The record shows that the parties were aware that the hearing on March 21 was to address the PO Cause, and the trial court heard evidence underlying Wife's request for a protection order. The trial court advised both parties at the start that it had set both matters for consecutive hearings for a total of four hours.

The GAL testified about Husband's video of the incident underlying Wife's PO petition, and both Husband and Wife exercised the opportunity to cross examine each other and the GAL. Additionally, Wife testified regarding negative contact by Husband; the incident that prompted Wife to file the PO petition; and Wife's fear of Husband. On this record, Husband has failed to meet his burden to show that the trial court failed to hold a hearing as required by Indiana Code section 34-26-5-9(h) and to receive evidence to support Wife's petition for a protection order. The trial court was not required to announce the cause number of the PO Cause at the beginning of the hearing, nor was it required to announce at some point during the hearing, when the evidence being presented was directed toward the PO Cause as opposed to the dissolution proceedings. Husband's argument to the contrary raises form over substance, and we cannot condone such technicalities.

Affirmed


Bailey, J., and May, J., concur.

ATTORNEY FOR APPELLANT

Russell W. Brown, Jr.
Merrillville, Indiana

ATTORNEY FOR APPELLEE

Debra L. Dubovich
Merrillville, Indiana