## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 26 2019, 6:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Whitehurst & Myers Law
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Vlado Kozlina,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 26, 2019

Court of Appeals Case No.
19A-CR-199

Appeal from the Huntington
Circuit Court

The Honorable Davin G. Smith,
Judge

Trial Court Cause No.
35C01-1809-F6-211

**Barteau, Senior Judge.**

# Statement of the Case

Vlado Kozlina appeals his conviction of Class A misdemeanor failure to notify by a sexually violent predator.[1] He alleges that there is insufficient evidence to support his conviction and that the trial court should have used the "reasonable theory of innocence" instruction standard at his bench trial. We affirm.

# Issues

Kozlina raises two issues for our review:

> I. Whether the State presented sufficient evidence to sustain his conviction for failure to notify by a sexually violent predator; and
>
> II. Whether the "reasonable theory of innocence" instruction standard should have been used by the trial court when it tried his case.

# Facts and Procedural History

The facts most favorable to the judgment reveal that Kozlina is registered as a sexually violent predator ("SVP") in Lake County, Indiana. His status as an SVP requires (among other things) that Kozlina take affirmative steps to notify law enforcement authorities of his whereabouts when he plans to spend more than seventy-two hours in a county other than Lake, specifically:

> A sexually violent predator who will spend more than seventy-two (72) hours in a county in which the sexually violent predator

---

[1] Ind. Code § 11-8-8-18(b) (2014).

is not required to register shall inform the local law enforcement authority in the county in which the sexually violent predator is not required to register, in person, of the following:

> (1) That the sexually violent predator will spend more than seventy-two (72) hours in the county.
>
> (2) The location where the sexually violent predator will be located while spending time in the county.
>
> (3) The length of time the sexually violent predator will remain in the county.

Ind. Code § 11-8-8-18(b) (2014).[2]  In the fall of 2018, Kozlina owned a construction company, and he was working in Wabash County on the construction of a pharmacy.  Kozlina stayed at a hotel in Huntington County during the construction project.

[4]  At Kozlina's bench trial, the State introduced into evidence a copy of a receipt from the Huntington County hotel which indicated that on August 27, 2018, Kozlina made a reservation at the hotel for a one-night stay.  Kozlina's last name was misspelled on the receipt as "Kopzlina," but the receipt correctly listed his Lake County address.  State's Ex. 3, Ex. Vol. II, p. 6.  The receipt indicated that on August 27, Kozlina checked into the hotel at 8:51 p.m., was assigned room number 217, and then extended his stay at the hotel daily

---

[2] In Indiana, a sexually violent predator's whereabouts are recorded in a computer program called OffenderWatch, and the information contained in the program is disseminated to the public through a publicly-accessible website.

through August 31, 2018. The general manager of the hotel checked Kozlina out of room 217 at 12:58 p.m. on September 1, 2018.

[5] On September 1, 2018, Sergeant Alan Foster with the Huntington City Police Department was dispatched to room 217 at the hotel where Kozlina was staying, for a report of a battery on an employee.[3] Upon arriving at the hotel, Sergeant Foster encountered Kozlina and asked Kozlina to identify himself. Kozlina responded that it "doesn't matter" because "I did it. I propositioned the wrong person." Tr. Vol. III, p. 29. Sergeant Foster eventually was able to obtain Kozlina's identification and confirm Kozlina's identity. Sergeant Foster then contacted his dispatch center to obtain additional information regarding Kozlina's identity. The dispatch center advised Sergeant Foster that Kozlina was a sexually violent predator. On September 4, 2018, as a result of the incident that occurred at the hotel, the State charged Kozlina with sexual battery and criminal confinement as Level 6 felonies and battery as a Class B misdemeanor.

[6] The next day, September 5, 2018, Sergeant Foster contacted Jennifer Teusch with the Huntington County Sheriff's Office. Teusch was responsible for maintaining the Sex and Violent Offender Registry in Huntington County. Teusch testified that, ordinarily, when an individual registered as a sexually violent predator moves or travels to another county, "they come into – like if

---

[3] Kozlina, allegedly, had "proposition[ed]" a female member of the hotel's housekeeping staff. Tr. Vol. III, p. 45.

they reside in Huntington County, they come into my office and give me that information. I then put it into OffenderWatch[,] and the county that that person is going to will get a notification that an address has been modified within their jurisdiction so that they know to expect that individual." *Id.* at 10. She told Sergeant Foster that she was not notified about Kozlina's stay in Huntington County.

[7] On that same day, September 5, 2018, the State filed a motion to amend Kozlina's charging information and add the charge of failure to notify by a sexually violent predator as a Class A misdemeanor. The State also filed a motion to dismiss the sexual battery, criminal confinement, and battery counts. The motion was granted the following day.

[8] On January 10, 2019, a bench trial was held, and Kozlina was tried for one count of Class A misdemeanor failure to notify by a sexually violent predator. Kozlina was found guilty and sentenced to 270 days in jail, with 132 days of credit time. Kozlina now appeals.

# Discussion and Decision

## 1. Sufficiency of the Evidence

[9] Kozlina argues there was insufficient evidence to support his conviction for Class A misdemeanor failure to notify by a sexually violent predator. Our standard of review for sufficiency of the evidence is well settled. On a challenge to the sufficiency of evidence to support a conviction, we neither reweigh the evidence nor assess the credibility of the witnesses. *Suggs v. State*, 51 N.E.3d

1190, 1193 (Ind. 2016). We consider only the probative evidence and reasonable inferences supporting the judgment. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015).

[10] In order to convict Kozlina of Class A misdemeanor failure to notify by a sexually violent predator, the State was required to prove beyond a reasonable doubt that he (1) was a sexually violent predator who (2) spent more than seventy-two hours in a county in which he was not required to register and (3) failed to inform local law enforcement authorities of the following: that he would spend more than seventy-two hours in the county; the location where he would be located while spending time in the county; and the length of time he would remain in the county. I.C. § 11-8-8-18(b). Kozlina admits that he is classified as an SVP. However, he contends that the State's evidence was insufficient to sustain his conviction because the State failed to present sufficient evidence to prove that he was in Huntington County, Indiana, "in excess of 72 hours, thereby . . . triggering the requirement that he notify local authorities of his presence in [Huntington C]ounty." Appellant's Br. p. 5. According to Kozlina, "there was no other actual evidence presented to show that [he] was at the hotel, or even in the county, for more than 72 hours[;] . . . the hotel desk clerk testified that she never saw him at the hotel except on September 1st[;]" and the only circumstantial evidence presented to show he was in Huntington

County for more than one day was a receipt for payment of a hotel bill for a five-night stay. *Id.* at 7. Kozlina also directs our attention to the fact that his name was misspelled on the hotel receipt and that the hotel's general manager testified that "she did not make the reservation and could not say that Kozlina made the reservation or whether Kozlina stayed [at the hotel] during that time." *Id.* at 8.

[11] When circumstantial evidence is used to establish guilt, the question on review is whether reasonable minds could reach the inferences drawn from the evidence. *Maxwell v. State*, 731 N.E.2d 459, 462 (Ind. Ct. App. 2000), *trans. denied*. If so, the evidence is sufficient. *Id.* On review we do not determine whether the circumstantial evidence overcomes every reasonable hypothesis of innocence. *Id.* at 463. Instead, we determine whether inferences may be reasonably drawn from that evidence to support the conviction beyond a reasonable doubt. *Id.* We find from the evidence presented at Kozlina's trial that the trial court could reasonably have found that Kozlina spent more than seventy-two hours in Huntington County.

[12] Here, the evidence shows that on or about August 27, 2018, Kozlina, a Lake County resident who was registered as an SVP in Lake County, made a reservation for a one-night stay at a hotel in Huntington County. The invoice issued to Kozlina for the hotel stay indicates that Kozlina checked into the hotel at 8:51 p.m. on August 27; he was checked in by an employee identified as "jbolin"; and he was assigned room number 217. State's Ex. 3, Ex. Vol. II, p. 6. The general manager for the hotel testified that when an individual checks

into the hotel, the desk clerk asks for the individual's name, looks up the reservation, and then asks the individual for identification that matches the name on the reservation.

[13] The hotel invoice indicated that Kozlina checked into the hotel on August 27 and checked out on September 1. The general manager testified that Kozlina must have extended his stay at the hotel on a daily basis because the charges for the hotel stay were listed day-by-day on the invoice. She explained as follows:

> [If Kozlina initially had] made a reservation for [August] 27th to [September] 1st, when he checked in that full amount would have been collected right then and there, not day by day. So, he had to have only made . . . a reservation for one day or was a walk-in for one day and then everyday just like would call down to the desk and say, "I'm extending for one more day."

Tr. Vol. III, p. 19. For each day that the reservation for room number 217 was extended, the invoice showed a separate charge to the credit card that Kozlina placed on file when he checked into the hotel.

[14] The hotel's surveillance camera captured video of Kozlina checking out of the hotel on September 1, five days after he initially checked in. The general manager testified that she was the hotel employee who checked Kozlina out of the hotel on that day. Kozlina did not notify local authorities in Huntington County that he planned to stay in the county for more than seventy-two hours.

[15] Based upon the circumstantial and direct evidence presented, the trial court could reasonably infer that Kozlina spent more than seventy-two hours in

Huntington County. Therefore, sufficient evidence was presented to support Kozlina's conviction for Class A misdemeanor failure to notify by a sexually violent predator.

## 2. Reasonable Theory of Innocence Instruction

[16] Kozlina also raises an argument regarding the "reasonable theory of innocence" instruction. Such an instruction must be given to the jury when the only evidence of the commission of the crime is circumstantial. As our supreme court held in *Hampton v. State*, 961 N.E.2d 480, 491 (Ind. 2012) (emphasis in original):

> when the trial court determines that the defendant's conduct required for the commission of a charged offense, the *actus reus*, is established exclusively by circumstantial evidence, the jury should be instructed as follows: *In determining whether the guilt of the accused is proven beyond a reasonable doubt, you should require that the proof be so conclusive and sure as to exclude every reasonable theory of innocence.*

[17] Kozlina argues that the "reasonable theory of innocence" instruction standard should have been used by the trial court when it tried his case because, according to Kozlina, his conviction is based solely on circumstantial evidence. We disagree and find this argument inapposite. We first note that both circumstantial and direct evidence was presented in Kozlina's case. Secondly, we presume that a trial court knows the law in Indiana. *Palmer Dodge, Inc. v. Long*, 791 N.E.2d 788, 792 (Ind. Ct. App. 2003). As Kozlina was tried to the bench, we decline to apply a jury instruction analysis to this case.

# Conclusion

[18] Sufficient evidence was presented to support Kozlina's conviction for Class A misdemeanor failure to notify by sexually violent predator, and we decline to apply a jury instruction analysis when Kozlina was tried to the bench. The judgment of the trial court is affirmed.

[19] Affirmed.

Najam, J., and Mathias, J., concur.