## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 16 2020, 8:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tsui-Hsueh Wang,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 16, 2020

Court of Appeals Case No.
19A-CR-1614

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

The Honorable Jeffrey L. Marchal, Magistrate

Trial Court Cause No.
49G06-1803-F5-7600

**Shepard, Senior Judge.**

[1] Tsui-Hsueh Wang was convicted of promoting prostitution and two counts of prostitution. On appeal, she contends the evidence is insufficient to support her conviction of promoting prostitution. We affirm.

## Facts and Procedural History

[2] In January of 2018, Detective Julian Wilkerson, who works in the vice and human trafficking unit of the Indianapolis Metropolitan Police Department, began investigating Wang's massage parlor. Wang's business, located at 5510 West 10th Street in Indianapolis, was incorporated in September of 2013 under the name "Soho Life Inc." Wang is the sole shareholder. Detectives Peter Fekkes and Brian Allen also worked the investigation and made a total of four undercover visits to the massage parlor.

[3] On January 25, Detectives Wilkerson and Fekkes first visited the massage parlor. Wilkerson watched the building from the parking lot as Detective Fekkes went inside and was greeted by Wang. Wang asked Detective Fekkes if he wanted a massage, and Fekkes replied that he wanted a thirty minute massage. Wang informed him the massage would cost fifty dollars, plus a mandatory twenty dollar tip. Detective Fekkes paid cash. Wang led him to a room, told him to get undressed, and then left the room. Several minutes later "Nicole" entered and began to massage Detective Fekkes' back. After about twenty minutes of the massage, Detective Fekkes turned over, pointed at his genitals, and asked Nicole how much it would cost to have her massage him there. Nicole asked for clarification and Detective Fekkes stated that he wanted

her to masturbate him. Nicole responded that it would cost him one hundred dollars. Detective Fekkes stated that the price seemed expensive; Nicole responded that "they charge more at that particular massage parlor because the girls are more attractive." Tr. Vol. II, pp. 11-12. Fekkes told her that it was too expensive, gave her another thirty dollars, and left.

[4]     On February 1, Detective Fekkes returned to the massage parlor and was again greeted by Wang. When Detective Fekkes requested a thirty minute massage, Wang quoted him the same price. Fekkes paid in cash and was led into a room by Wang who told him to get undressed. This time Wang came back into the room and began the massage. After twenty minutes, Detective Fekkes rolled over, and Wang pointed to his genitals and asked if he would like to be massaged there quoting him one hundred dollars for the service. When Detective Fekkes asked if Wang could lower the price, she told him she knew that he had already seen Nicole and that one hundred dollars was the same price Nicole offered him for the same service. Wang also stated that oral sex and sexual intercourse were available at a higher cost. Detective Fekkes stated he did not have enough money, tipped Wang an additional thirty dollars, and left.

[5]     The following day, Detective Allen went undercover at the massage parlor. On arrival, he knocked on an interior door of the parlor and was greeted by Wang. Wang asked Detective Allen how long of a massage he wanted, and Allen requested a thirty minute massage. Wang told him the price would be fifty dollars plus a mandatory twenty dollar tip, and Detective Allen gave her eighty

dollars. Wang massaged Allen's back for about twenty minutes and then asked him to turn over. Wang asked if Detective Allen would like anything else, to which he responded, "[A] hand job." *Id.* at 22. When Wang did not understand, Detective Allen gestured to indicate masturbation. Wang told him it would cost one hundred dollars. When Detective Allen stated that it was too expensive, Wang offered to remove her clothing and allow him to touch her for one hundred dollars. In the alternative, for sixty dollars, she offered to remove her clothing but would not allow him to touch her. Detective Allen told her that he did not have enough money and left the massage parlor.

[6] On February 28, Detective Fekkes returned to Wang's massage parlor for the third time and had essentially the same experience.

[7] Detective Wilkerson executed a search warrant of Wang's massage parlor in March of 2018. The police found an American Express Card with Wang's name and the name of the massage parlor, Soho Life, Inc., on the card. They also found a utility bill bearing Wang's name and the name of the business.

[8] The State charged Wang with promoting prostitution, a Level 5 Felony,[1] and two counts of prostitution, as Class A misdemeanors.[2] Wang waived her right to a jury trial, and the matter was tried to the bench. The court found Wang

---

[1] Ind. Code § 35-45-4-4 (2017).

[2] Ind. Code § 35-45-4-2 (2017).

guilty on all counts and sentenced her to an aggregate term of two years and two days, fully suspended except for time served. Wang now appeals.

## Discussion and Decision

[9] Wang claims the State failed to prove she knew Nicole would engage in prostitution on the massage parlor's premises. When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We consider only the probative evidence and reasonable inferences supporting the judgment. *Horton v. State*, 51 N.E.3d 1154, 1157 (Ind. 2016). We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Bailey*, 979 N.E.2d at 135.

[10] To convict Wang of promoting prostitution, the State needed to prove beyond a reasonable doubt that Wang (1) had control over the use of a place and (2) knowingly or intentionally permitted another person to use the place for prostitution. *See* Ind. Code § 35-45-4-4(b)(3).

[11] At trial, the State introduced evidence that Wang was present each time a detective visited the massage parlor, greeted them, and conducted each transaction that occurred. Additionally, Wang's name was on the documents of incorporation of the business, her name and the business name were on a credit card, and her name was on the utility bills for the premises. This

evidence supports the court's conclusion that Wang had control over the use of the premises.

[12] Knowledge and intent are mental functions; therefore, they must often be proven by circumstantial evidence. *Hightower v. State*, 866 N.E.2d 356, 368 (Ind. Ct. App. 2007) (citing *Duren v. State*, 720 N.E.2d 1198, 1202 (Ind. Ct. App. 1999), *trans. denied* (2000)), *trans. denied*. On review, we do not determine whether the circumstantial evidence overcomes every reasonable hypothesis of innocence. *Maxwell v. State*, 731 N.E.2d 459, 463 (Ind. Ct. App. 2000), *trans. denied*. Instead, we determine whether inferences may be reasonably drawn from that evidence to support the conviction beyond a reasonable doubt. *Id.*

[13] Detectives Fekkes and Allen conducted four undercover visits to the massage parlor in which Wang greeted them, quoted them the price of the service, and collected the payment. Wang would subsequently lead the detectives to a room and instruct them to undress. During Detective Fekkes' first undercover visit, Nicole conducted the massage, stated the price for the additional request of prostitution, and gave an explanation as to why Wang's massage parlor charges more than others. When Detective Fekkes returned the second time, Wang conducted his massage and told Detective Fekkes she had knowledge of the transaction between him and Nicole. This is sufficient evidence from which the finder of fact could determine beyond a reasonable doubt that Wang knew that Nicole was engaging in prostitution activities.

# Conclusion

[14] For the reasons stated above, we affirm the trial court's judgment.

[15] Affirmed.

Najam, J., and Tavitas, J., concur.